IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,972-02






EX PARTE JACOB BARRON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06-6548-C IN THE 106TH DISTRICT COURT


FROM DAWSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to ten years' imprisonment. He did not appeal his
conviction.

 This Court remanded this writ application to Dawson County on September 28, 2011 for,
inter alia, findings of fact and conclusions of law addressing Applicant's claims of an illegal
cumulation order and ineffective assistance of counsel. The habeas record after remand shows that
habeas counsel filed a motion for new trial and motion in arrest of judgment. The trial court granted
Applicant's motion and re-sentenced him on December 21, 2011. The trial court's findings
concluded that Applicant's re-sentencing "resolves the issues" raised by this habeas corpus
application. Applicant then moved that the Court dismiss his application. 

 Assuming a timely motion for new trial was filed after sentencing, "the trial court's authority
to rule on a motion for new trial extends to the seventy-fifth day . . . after sentence is imposed or
suspended in open court." State v. Moore, 225 S.W.3d 556, 569 (Tex. Crim. App. 2007); Tex. R.
App. P. 21.8(a). Applicant was sentenced on July 11, 2007. The trial court did not have authority to
entertain the motion, set aside the prior conviction, and re-sentence applicant over four years later.
See Ex parte Alexander, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) (noting that, "[i]t is well
established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. The trial court is
without such authority."). Accordingly, the judgment of December 21, 2011 is void. Id. 

 The trial court shall vacate its judgment of December 21, 2011 purporting to re-sentence
Applicant. The trial court shall then determine whether Applicant and appointed habeas counsel wish
to proceed with his motion to dismiss the writ application. If the trial court determines that Applicant
no longer wishes dismiss the application, it shall make findings of fact and conclusions of law in
accordance with this Court's order of September 28, 2011.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, and the
indictment, judgment, and any plea papers from Cause No. 06-6547-C, shall be returned to this Court
within 120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: April 18, 2012

Do not publish