**Dismissed and Opinion Nunc Pro Tunc Filed June 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-15-00665-CR

---

**GARY EUGENE SIMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0045450-S**

---

# MEMORANDUM OPINION NUNC PRO TUNC

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

Gary Eugene Sims was convicted of aggravated sexual assault and sentenced to life imprisonment. His conviction was affirmed on direct appeal. *Sims v. State*, No. 08-01-00121-CR, 2002 WL 1482389 (Tex. App.—El Paso July 11, 2002, pet. ref'd) (not designated for publication).[1] This Court dismissed for want of jurisdiction appellant's pro se appeal from the trial court's orders denying certain post-conviction motions both because his notice of appeal was untimely as to the orders and because the orders were not appealable. *Sims v. State*, No. 05-14-01438-CR, 2014 WL 6453607 (Tex. App.—Dallas Nov. 18, 2014, no pet.) (not designated for publication).

---

[1] The appeal was transferred from this Court to the Eighth District Court of Appeals at El Paso pursuant to a Texas Supreme Court docket equalization order.

The Court now has before it appellant's May 11, 2015 pro se notice of appeal asserting the appeal is from the trial court's order denying him an evidentiary hearing. His notice of appeal is titled "Notice of Appeal of Motion for an Evidentiary Hearing and Discovery." We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (right of appeal for defendant). Appellate courts may consider appeals by criminal defendants only after the conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

We first note that although appellant states the trial court denied his motion on April 21, 2015, we have no record of a written order having been entered. Moreover, the documents before the Court reflect that the hearing appellant seeks is related to a collateral attack on his final felony conviction, which must be brought by post-conviction writ of habeas corpus. *See* TEX. CODE CRIM. P. ANN. art. 11.07, §§ 1, 5 (West Supp. 2014). This Court does not have jurisdiction over post-conviction writs of habeas corpus from final felony convictions, nor does it have jurisdiction over an appeal of individual orders entered in regards to such proceedings. *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07, § 5 (West 2005 & Supp. 2014); *Ex parte Alexander*,

685 S.W.2d 57, 60 (Tex. Crim. App. 1985). Because appellant is not appealing a matter over which we have jurisdiction, we have no authority to take any action except to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo*, 918 S.W.2d at 523.

We dismiss the appeal for want of jurisdiction.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
150665F.U05