**Opinion issued August 13, 2015.**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-14-00728-CR

_____

### KENNETH RAY MCCLAIN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 13-DCR-062739

## MEMORANDUM OPINION

Appellant, Kenneth Ray McClain, attempts to appeal from a December 6, 2013 judgment nunc pro tunc. We dismiss the appeal for want of jurisdiction.

Pursuant to an agreement with the State that punishment be capped at confinement for ten years, appellant pleaded guilty to the offense of aggravated assault with a deadly weapon.[1] On October 14, 2013, the trial court signed a judgment of conviction for the third-degree felony offense of assault with a deadly weapon and assessed appellant's punishment at confinement for two years. On December 6, 2013, the trial court signed a judgment nunc pro tunc, modifying and reforming the October 14, 2013 judgment to reflect a conviction for the second-degree felony offense of aggravated assault with a deadly weapon and a finding of the use of a deadly weapon, to wit, a knife. The judgment nunc pro tunc stated that the remainder of the October 14, 2013 judgment and sentence remained in effect and was incorporated in the December 6, 2013 judgment nunc pro tunc. On August 25, 2014, appellant filed a *pro se* notice of appeal, seeking an out-of-time appeal.

We lack jurisdiction over appellant's attempted appeal. We cannot exercise jurisdiction over an appeal without a timely filed notice of appeal. *See* TEX. R. APP. P. 26.2(a); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The time for perfecting an appeal from a judgment nunc pro tunc runs from the date of that judgment. *See Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012).

---

[1]     *See* TEX. PENAL CODE ANN. § 22.02 (West 2011).

2

Here, the trial court signed the judgment nunc pro tunc on December 6, 2013. Appellant's notice of appeal, filed on August 25, 2014, was untimely.

Further, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings, which are governed by Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *see also Padieu v. Ct. App. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985)); *Olivo*, 918 S.W.2d at 525 n.8. "Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (internal citations omitted). We have no jurisdiction over his appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Huddle, and Lloyd.
Do not publish.   TEX. R. APP. P. 47.2(b).

3