**Ex parte Fred F. ALEXANDER.**

**No. 69278.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 13, 1985.

Fred F. Alexander, pro se.

John C. Paschall, Dist. Atty., Franklin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction application for writ of habeas corpus brought under Article 11.07, V.A.C.C.P.

In his amended application filed in the convicting court, the applicant alleged that he was convicted of the offense of burglary of a building (V.T.C.A., Penal Code, § 30.-02) in Cause No. 12,647 upon his guilty plea to a felony information in a bench trial in the 82nd District Court on December 14, 1981. In accordance with a plea bargain his punishment was assessed at two years' imprisonment. No appeal was taken.

In his habeas application applicant contends that his conviction in Cause No. 12,-647 is void because he was denied the effective assistance of counsel and it was obtained in violation of the double jeopardy provisions of the federal and state Constitutions and the laws of Texas.

Finding the application was not well founded, the convicting court forwarded the record to this court as provided by Article 11.07, supra. This court ordered an evidentiary hearing so the facts surrounding applicant's contentions might be developed. Such hearing was conducted and the record of such hearing and the trial judge's findings of facts and conclusions of law have been forwarded to this court.

At the evidentiary hearing, at which applicant was represented by counsel, the record reveals that applicant was charged by felony complaint and felony information with the same burglary on March 17, 1980, in Cause No. 12,447 in the 82nd District Court of Robertson County. On the same date (March 17th) applicant entered a plea of guilty before the court and his punishment was assessed at five years' imprisonment, probated. His probation was subsequently revoked, and he was sentenced. No appeal was taken.

Later in 1981 applicant filed a pro se post-conviction writ of habeas corpus under Article 11.07, V.A.C.C.P., seeking to set aside his five year conviction in Cause No. 12,447. He alleged the felony information

was fundamentally defective because it alleged an impossible date as to the commission of the offense, that there was a fatal variance in dates between the complaint and felony information and that he was denied the effective assistance of counsel at his trial. The complaint alleged the offense occurred "on or about March 9, 1980" and the information alleged the offense occurred "on or about March 17, 1980," the date the complaint and the information were filed, and the date upon which the applicant entered his plea of guilty. The record shows the offense actually occurred on March 9, 1980.

■ Applicant's wife retained an attorney to represent him in the habeas proceedings. From the testimony of the applicant and the attorney at the evidentiary hearing, we learn that counsel advised applicant that in his (counsel's) opinion that applicant's contentions were without merit.[1] Counsel explained that the district judge could hold a hearing, and then forward the record to the Court of Criminal Appeals for final action as required by Article 11.07, supra. He informed the applicant, however, that the district judge was of the opinion the habeas application had merit, was inclined to "intercept" the writ proceedings, set aside the conviction, and dismiss the information, and allow applicant to plead to a new felony information, and there was agreement with the State for a new two year sentence. Counsel admonished applicant the district judge had no authority to set aside a final felony conviction as proposed, and that if any new conviction was ever challenged it would have

to be set aside and the former five year conviction reinstated. Applicant indicated he understood.

■ The district judge found that the complaint alleged the offense occurred on March 9, 1980, the information alleged March 17, 1980, that applicant was in jail from March 10 to March 17, 1980 and the information was fundamentally defective.[2] The trial judge then granted the relief requested by the habeas application, set aside the conviction in Cause No. 12,447, and dismissed the information.

Thereafter on December 14, 1981, a new felony information was filed in Cause No. 12,647 charging the same burglary. Applicant entered a plea of guilty to this information. The court assessed his punishment at two years' imprisonment in accordance with the plea bargain.

At the conclusion of the evidentiary hearing the present district judge of Robertson County found, inter alia, that counsel had explained the proper procedure under Article 11.07, supra, and the then district judge's anticipated actions, the consequences that could flow therefrom, and that applicant chose to proceed with the "immediate trial court actions" so he could obtain early release on parole.

■ The court also found applicant had stated under oath he had no specific complaint about counsel, and that applicant was not denied the effective assistance of counsel. We agree, and further find there is no merit to his claim that after he had succeeded in setting aside the conviction in No. 12,447 by his own habeas corpus appli-

1. First, it is observed that a felony information need not be supported by a complaint. *King v. State,* 473 S.W.2d 43 (Tex.Cr.App.1971). Article 21.21(6) provides that the time mentioned in an information must be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation. It is well settled the State is not bound by the date on or about the offense is alleged to have been committed, but a conviction may be had upon proof that the offense was committed any time prior to the filing of the information that is within the period of limitation. *Noah v. State,* 495 S.W.2d 260 (Tex.Cr.App.1973); *McManners v. State,* 592 S.W.2d 622, 623 (Tex.Cr.App.1980);

*Clark v. State,* 590 S.W.2d 512, 513 (Tex.Cr.App. 1979); *Rogers v. State,* 333 S.W.2d 383 (Tex.Cr. App.1960). Here the record reflects the burglary actually occurred on March 9, 1980. While the information in Cause No. 12,447 alleged "on or about March 17, 1980" and the information was filed on March 17th, the filing was prior to trial and the proof showed March 9th. Counsel was correct that applicant's contentions were without merit.

2. The trial judge was clearly in error. See footnote # 1.

cation he was placed in double jeopardy by being convicted in Cause No. 12,647, for the same offense.

■ The present district judge of Robertson County also found the conviction in Cause No. 12,647 was void as the trial court did not have authority to set aside the conviction in Cause No. 12,447 pursuant to a post-conviction habeas corpus writ of habeas corpus under Article 11.07, supra. The judge also concluded the applicant was now subject to the sentence in Cause No. 12,447 and should be required to satisfy that five year sentence.

These findings and conclusions are correct. Article 11.07(2)(a), V.A.C.C.P., provides in part:

"After final conviction in any felony case ... the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas."

■ It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. The trial court is without such authority. *Ex parte Johnson,* 652 S.W.2d 401, 403 (Tex.Cr.App. 1983); *Ex parte Green,* 644 S.W.2d 9 (Tex. Cr.App.1983); *Ex parte Williams,* 561 S.W.2d 1, 2 (Tex.Cr.App.1978).

While there is no merit to applicant's contentions, the burglary conviction in trial court No. 12,467 is void and is set aside, and the burglary conviction in trial court No. 12,447 is reinstated. Thus the relief prayed for is granted in part and denied in part.

It is so ordered.

CLINTON, Judge, concurring.

I concur in the opinion of the Court because the district judge clearly had no authority to release applicant from his five year sentence upon his application for writ of habeas corpus in Cause No. 12,447 filed

pursuant to Article 11.07, § 2(a), V.A.C C.P.; that power is specifically reserved for this Court alone. *Id.; Ex parte Ybarra,* 629 S.W.2d 943 (Tex.Cr.App.1982).

Since the trial court's attempt to set aside Cause No. 12,447 was absolutely void, it was a violation of double jeopardy for applicant to be subsequently charged, convicted and sentenced to two years in Cause No. 12,647 for the same burglary, and the latter must now be set aside on the present application. Moreover, I agree that we have no alternative but to recognize the original judgment and five year sentence as effective.

However, it occurs to me that applicant has been severely prejudiced by his unauthorized release from a *five* year sentence, the subsequent imposition of a *two* year sentence and, now, the reinstatement of the five year sentence, in terms of his discharge and parole eligibility time credits. Compare *Ex parte Esquivel,* 531 S.W.2d 339 (Tex.Cr.App.1976). But since applicant does not argue that he is entitled to any additional time credits (which he would have earned had the district court not released him erroneously),[1] I concur in the judgment of the Court.[2]

---

1. By this the writer expresses no opinion as to *the merit of such a contention had it been made.*

2. If applicant believes he is entitled to additional time credits, it behooves him to fully develop the facts concerning his incarceration on the record.