NUMBER 13-02-320-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


MICHAEL TORRES ALVAREZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Kleberg County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo


Opinion by Justice Rodriguez



Appellant, Michael Torres Alvarez, brings this appeal following a conviction for
one count of indecency with a child and three counts of aggravated sexual assault of
a child. The trial court has certified that this case "is not a plea-bargain case, and the
defendant has the right of appeal." See Tex. R. App. P. 25.2(a)(2). By three points of
error, appellant contends the evidence was legally insufficient to support the
convictions: (1) for indecency with a child; (2) for aggravated sexual assault of a child;
and (3) for aggravated sexual assault of a child on the date the act is alleged to have
occurred. We affirm.

I. Facts

 As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See id. rule 47.4.II. Standard of Review

 In reviewing the legal sufficiency of the evidence, we must consider the
evidence presented in the light most favorable to the jury's verdict and determine
whether any rational trier of fact could have found the elements of the offense present
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). Because the jury solely judges the
weight and credibility of the evidence, we must review the evidence as already
evaluated and resolve any inconsistencies in favor of the verdict. Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

III. Analysis 

A. Indecency with a Child

 By his first point of error, appellant contends there is legally insufficient evidence
to support his conviction for indecency with a child. Appellant was convicted of
indecency with a child because the jury found that appellant touched complainant's 
breasts and complainant was thirteen years of age at the time. The pertinent parts of
section 21.11 of the Texas Penal Code provide that a person commits indecency with
a child if that person engages in sexual contact with a child younger than seventeen
years of age. Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). The penal code
defines sexual contact as the following acts, when committed with intent to arouse
or gratify the sexual desire of any person:

 (1) any touching by a person, including touching through clothing, of the
anus, breast, or any part of the genitals of a child; or (2) any touching of
any part of the body of a child including touching through clothing with
the anus, breast, or any part of the genitals of a person.


Id. § 21.11(c). 

 Appellant asserts that: (1) no physical evidence existed that he touched
complainant's breasts; (2) no other witness observed this specific act; and (3)
complainant did not identify appellant as the actor. However, the jury is entitled to
consider the evidence, weigh the credibility of the witnesses, and make reasonable
inferences based upon what it believes. Nazemi v. State, 28 S.W.3d 806, 809-10
(Tex. App.-Corpus Christi 2000, no pet.) (citing Wolfe v. State, 917 S.W.2d 270,
275 (Tex. Crim. App. 1996)). The jury may apply common sense and general life
experience when interpreting circumstantial evidence and drawing reasonable
inferences. Booker v. State, 929 S.W.2d 57, 60 (Tex. App.-Beaumont 1996, pet.
ref'd).

 Testimony at trial by the Sexual Assault Nurse Examiner at Driscoll Children's
Hospital showed that complainant reported appellant having touched her breasts with
his hands and mouth. Testimony by appellant's companion, Lance Hajek, showed that
he witnessed appellant and complainant unclothed in the back seat of the car with
complainant seated on top of and facing appellant. Hajek also testified that he
witnessed complainant performing an act of fellatio on appellant. Further, Hajek
testified that he later witnessed appellant and complainant disrobing to shower
together. Other testimony showed that complainant was thirteen years of age at the
time these events occurred. 

 Viewing the evidence in the light most favorable to the verdict, a rational jury
could have found beyond a reasonable doubt that appellant committed indecency with
a child by touching complainant's breasts during any of the acts that occurred. See
Jackson, 443 U.S. at 319. Appellant's first point of error is overruled.B. Aggravated Sexual Assault of a Child

 By his second and third points of error, appellant contends there is legally
insufficient evidence to support his conviction of aggravated sexual assault of a child. 
Appellant was convicted of aggravated sexual assault of a child because the jury found
he engaged in sexual intercourse with the then-thirteen-year-old complainant on or
about July 16, 2001, and again on or about July 17, 2001. Section 22.021 of the
Texas Penal Code provides that a person commits aggravated sexual assault of a child
if that person intentionally or knowingly causes the penetration of the anus or female
sexual organ of a child by any means and the victim is younger than fourteen years of
age. Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i), (a)(2)(B) (Vernon Supp. 2004).

 Testimony by Hajek showed that appellant engaged in what appeared to be
sexual intercourse with complainant in the back seat of the car on July 16, 2001. 
This testimony was corroborated by physical evidence found during examination of
complainant at the hospital shortly after appellant left her at the drug store. The
examiner testified that she noted bruising consistent with sexual intercourse and found
prostate specific antigen present in a vaginal swab. In addition, the paramedic who
picked complainant up from the drug store on July 18, 2001 testified that complainant
reported she had been sexually assaulted by at least three men on July 16, 2001 and
again on July 17, 2001. However, Hajek testified that he left on July 16, 2001 and
did not return. Further, there is conflicting evidence concerning an admission by
complainant to Hajek's sister-in-law on the way to the drug store on July 18, 2001. 
During her testimony, the sister-in-law retracted her earlier sworn statement to
investigators that complainant had admitted having sexual contact with appellant. Any
inconsistencies in the testimony should be resolved in favor of the verdict. Moreno,
755 S.W.2d at 867.

 Viewing the evidence in the light most favorable to the verdict, a rational jury
could have found beyond a reasonable doubt that appellant sexually assaulted
complainant based upon testimony by the paramedic and Hajek, as well as the
examiner's findings. See Jackson, 443 U.S. at 319. Further, although Hajek was
unable to testify as to any acts that may have occurred after he allegedly left
appellant's home on July 16, 2001, the evidence showed that appellant and
complainant remained together in appellant's home from July 16, 2001 until he left
her at a drug store in Corpus Christi on July 18, 2001. See Ex parte Alexander, 685
S.W.2d 57, 59 (Tex. Crim. App. 1985) (supporting conviction for acts occurring
within specific time period and without regard to exact date). Appellant's second and
third points of error are overruled.IV. Conclusion

 Accordingly, we affirm the judgment of the trial court.

 

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 13th day of November, 2003.