**Opinion issued July 18, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00424-CR

———————————

## IN RE KELLY R. LEWIS, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator Kelly R. Lewis filed a petition for writ of mandamus complaining that his former attorney is refusing to provide him with his case file, and that District Clerk Chris Daniels is refusing to provide him with a copy of the trial transcripts and other materials related to his 2008 conviction on file with the

District Clerk's office. Relator is asking this Court to compel his former attorney and the District Clerk to provide him with the requested materials.

This Court has no jurisdiction to grant Relator's requested relief. By statute, we only have the authority to issue a writ of mandamus against a "judge of a district or county court in the court of appeals district" and other writs *as necessary to enforce our appellate jurisdiction. See* TEX. GOV'T CODE ANN. § 22.221(a)–(b) (West 2004) (emphasis added). The issuance of a writ compelling Relator's former attorney and the District Clerk to provide Relator with the requested materials is not necessary to enforce our appellate jurisdiction.

Although Relator argues that these materials are "necessary for a fair and successful appeal," this Court's records indicate that Relator appealed his conviction in 2008 and lost. Relator was convicted of aggravated robbery on November 18, 2008, and the jury assessed his punishment at ninety-nine years' confinement. Relator timely appealed and on December 10, 2009, his conviction was affirmed by a panel of this Court consisting of Justices Keyes, Alcala, and Hanks (01-08-00940-CR).[1] Relator did not file a motion for rehearing with this Court or seek review of the Court's opinion by the Court of Criminal Appeals. As

---

[1] *See Lewis v. State*, No. 01-08-00940-CR, 2009 WL 4724675 (Tex. App.— Houston [1st Dist.] Dec. 10, 2009, no pet.) (No. 01-08-00940-CR) (mem. op., not designated for publication).

2

a result, the mandate in 01-08-00940-CR issued on June 18, 2010. Relator's conviction is final. We no longer have jurisdiction over Relator's appeal.

At this juncture, Relator's only option for challenging his 2008 felony conviction is a post-conviction habeas application pursuant to Code of Criminal Procedure article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012) (governing post-conviction writs of habeas corpus challenging felony convictions in non-death penalty cases). This Court does not have jurisdiction over article 11.07 writs of habeas corpus. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (citing *Ex Parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985)); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (post-conviction applications for writs of habeas corpus, for felony cases in which death penalty was not assessed, must be filed in court of original conviction and made returnable to court of criminal appeals).

For these reasons, we conclude that the requested writ is not necessary to enforce our appellate jurisdiction in this instance. Accordingly, Relator's petition for writ of mandamus is dismissed for lack of jurisdiction.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).