

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § | |
|---|---|---|
| | | No. 08-14-00253-CV |
| | § | |
| IN RE: JAMES SCOTT, | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |

**MEMORANDUM OPINION**

James Scott, Relator, has filed a petition for writ of mandamus against the Honorable Maria Salas-Mendoza, Judge of the 120th District Court of El Paso County, Texas, and against El Paso County District Clerk, Norma Favela, asking that we order them to expunge all references to a criminal case which was used for enhancement purposes in cause number 81692-120. We dismiss the mandamus petition for want of jurisdiction.

A court of appeals has jurisdiction to issue a writ of mandamus against certain judges within its geographic district. TEX.GOV'T CODE ANN. § 22.221(b)(West 2004). A court of appeals also has authority to issue a writ of mandamus if it is necessary to enforce its jurisdiction. *Id*. § 22.221(a). Relator does not have any appeals pending before this Court and he has not shown that issuance of the writ is necessary to enforce our appellate jurisdiction. Accordingly, we do not have jurisdiction to issue the writ of mandamus against the District Clerk.

Relator also asks that we grant mandamus relief against Judge Salas-Mendoza. Relator was convicted in 1996 of aggravated robbery in El Paso County in cause number 81692-120. He alleges that a prior conviction used for enhancement purposes[1] in cause number 81692-120 was subsequently expunged in 2006 and Judge Salas-Mendoza has refused to remove any references to "the expunged case" from the records related to cause number 81692-120. He requests that we order Judge Salas-Mendoza to remove all references to the expunged case from the records of his conviction in cause number 81692-120. Relator is effectively challenging the validity of his final felony conviction for aggravated robbery in cause number 81692-120. An attack on the validity of a final felony conviction can only be raised by writ of habeas corpus. The Court of Criminal Appeals has exclusive jurisdiction to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. *Padieu v. Court of Appeals of Texas, Fifth District*, 392 S.W.3d 115, 117 (Tex.Crim.App. 2013); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex.Crim.App. 1985); TEX.CODE CRIM.PROC.ANN. art. 11.07 §5 (West Supp. 2013). Consequently, we dismiss the mandamus petition for lack of jurisdiction.

September 18, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, J., and Barajas, C.J., (Senior Judge)
(Barajas, C.J., Senior Judge, sitting by assignment, not participating)

---

[1] Because the case has been expunged we intentionally have not made any reference to the cause number or any other details about the case. We will instead refer to it as "the expunged case."