

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,867-01

### EX PARTE TONY ALLEN WILBURN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16,187-A IN THE 115TH DISTRICT COURT
### FROM UPSHUR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of marihuana in a drug free zone and was sentenced to seven years' imprisonment. He waived his right to appeal.

Applicant contends, among other things, that his trial counsel was ineffective and his plea was involuntary. Applicant alleges that he would not have pleaded guilty had he been correctly advised as to the punishment range to which he would be subject if convicted of this offense.

On February 26, 2014, this Court remanded this matter to the trial court to obtain affidavits

and findings, and to supplement the record with copies of the written plea admonishments and a transcript of the plea hearing. This Court also ordered the trial court to determine whether or not Applicant had any other prior felony convictions which could have been used to enhance his sentence in this case.

On June 9, 2014, this Court received the supplemental record from the trial court. The supplemental record contained a second affidavit from Applicant's trial counsel, in which counsel stated that during plea negotiations, the prosecutor told counsel that if the case proceeded to trial, a notice of enhancement would be filed by the State, because Applicant had a prior felony conviction. Counsel did not specify what the prior conviction which the State intended to use to enhance the punishment in this case was, but the supplemental record also contained copies of an indictment, judgment and other documents from a 1982 conviction for burglary of a motor vehicle, which was a felony offense at the time Applicant committed it. In that case, it appeared that Applicant had been granted "shock" probation ,but the record did not show whether his probation was ever revoked, or whether he discharged the sentence on probation. In "shock" probation, when further execution of the sentence is suspended, the conviction becomes non-final for purposes of enhancement, and will not become final for such purposes unless revoked. *Ex parte Langley*, 833 S.W.2d 141 (Tex. Crim. App. 1992). If Applicant successfully discharged his sentence on probation, then the burglary of a motor vehicle conviction was not available to enhance his sentence in this case.

Because the supplemental record after the first remand did not contain copies of the written plea admonishments or a transcript of the plea hearing, and because it was not clear whether or not Applicant did have a final felony conviction which could have been used to enhance his punishment

in this case had he elected to go to trial, this Court remanded the case to the trial court again, on June 25, 2014.

On November 20, 2014, this Court received a second supplemental record. The second supplemental record did contain copies of the written admonishments, a transcript of the plea proceedings, and documents showing that Applicant discharged his sentence in the burglary of a motor vehicle case on probation. The written admonishments show that Applicant was admonished that he was charged with a second degree felony, with a punishment range of two to twenty years' imprisonment. The transcript of the plea hearing shows that the trial court orally admonished Applicant that he was pleading guilty to a second degree felony, with a punishment range of two to ten years' imprisonment. Therefore, both the written and oral admonishments were inaccurate as to the punishment range Applicant was facing.

The trial court did not make additional findings of fact as to whether Applicant had any other prior felony convictions which could have been used to enhance his punishment in this case. However, it appears that the trial court did have Applicant bench warranted back to Upshur County to appear before that court for a "pre trial hearing" on August 26, 2014. The record indicates that on August 28, 2014, Applicant entered a new plea in this same cause number, pleading guilty to the offense of possession of marihuana without a drug free zone allegation in exchange for a four year sentence. A new judgment was entered on the same date, showing that Applicant was sentenced to four years' imprisonment, with credit for 1,056 days of pre-sentencing time.

Applicant was originally sentenced in this cause on August 17, 2012. He did not file a motion for new trial or notice of appeal. The trial court did not have authority to set aside Applicant's judgment and sentence, and re-sentence Applicant more than two years later. *See Ex*

*parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) (noting that, "[i]t is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. The trial court is without such authority."). Accordingly, the judgment of August 28, 2014, is void. *Id*. The trial court shall vacate its judgment of August 28, 2014, purporting to re-sentence Applicant.

Furthermore, additional facts are still needed to address Applicant's allegations. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall make findings as to whether Applicant had any prior felony convictions other than the burglary of a motor vehicle conviction, which Applicant apparently discharged on probation, which could have been used to enhance Applicant's punishment in this case. The trial court shall make findings of fact as to whether Applicant was ever advised of the correct punishment range for the offense to which he was pleading guilty, or to which he would be exposed if he elected to go to trial on the charges. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall

be obtained from this Court.

Filed: December 17, 2014
Do not publish