COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| IN RE | § | No. 08-15-00129-CR |
|  | § | ORIGINAL PROCEEDING |
| DARRELL ROBERTS, | § | ON PETITION FOR WRIT OF |
| RELATOR. | § | MANDAMUS |
|  | § |  |

## MEMORANDUM OPINION

Relator, Darrell Roberts, a Texas inmate, has filed a petition for writ of mandamus against the Honorable Sam Medrano, Judge of the 409th District Court of El Paso County, Texas. Relator asks that we declare his conviction in cause number 20030D01740 void because the trial court failed to order a competency examination to be conducted pursuant to 18 U.S.C. § 4244 and because he was denied the effective assistance of counsel. We dismiss the mandamus proceeding for lack of jurisdiction.

A court of appeals has jurisdiction to issue a writ of mandamus against certain judges within its geographic district. TEX.GOV'T CODE ANN. § 22.221(b)(West 2004). A court of appeals also has authority to issue a writ of mandamus if it is necessary to enforce its jurisdiction. *Id.* at § 22.221(a). By his mandamus petition, Relator is seeking to challenge a final felony conviction in cause number 20030D01740 (three counts of aggravated robbery). An attack on the validity of a final felony conviction can only be raised by writ of habeas corpus. The Court of Criminal Appeals has exclusive jurisdiction to grant relief in a post-conviction

habeas corpus proceeding where there is a final felony conviction. *Padieu v. Court of Appeals of Texas, Fifth District*, 392 S.W.3d 115, 117 (Tex.Crim.App. 2013); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex.Crim.App. 1985); TEX.CODE CRIM.PROC.ANN. art. 11.07, § 5 (West Supp. 2014). Consequently, we dismiss the mandamus petition for lack of jurisdiction.

April 29, 2015
                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)