

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-11-00331-CR

KRISS RAY CAMP, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 62,157-A, Honorable Dan L. Schaap, Presiding

February 10, 2017

## ORDER OF DISMISSAL

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Kriss Camp, a prison inmate appearing pro se, has filed a document with the Court seeking relief from his 2011 conviction for the offense of assault causing bodily injury to a family member. He asserts the evidence used to enhance the convicting offense to a third-degree felony was insufficient. In 2013, we affirmed Camp's conviction in this case and his petition for discretionary review was refused by the Texas Court of Criminal Appeals.[1] Our mandate issued in April 2013.

---

[1] *See Camp v. State,* No. 07-11-00331-CR, 2013 Tex. App. LEXIS 740 (Tex. App.—Amarillo Jan. 25, 2013, pet. refused) (mem. op., not designated for publication).

For two reasons we lack jurisdiction to consider the merits of Camp's complaint. First, if Camp intends his request as a post-judgment motion, such as for rehearing, this Court's plenary power to vacate or modify its judgment expired 60 days after the judgment issued on January 25, 2013. *See* TEX. R. APP. P. 19.1(a) (expiration of plenary power when no motion for rehearing filed); 19.3 (court of appeals cannot vacate or modify its judgment after expiration of plenary power). Second, if Camp intends his filing to initiate an original proceeding, the relief he seeks is clearly from a final felony conviction. Jurisdiction to grant such relief lies exclusively with the Texas Court of Criminal Appeals. *Ex parte Alexander,* 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) ("It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction"); TEX. CODE CRIM. PROC. ANN. art. 11.07 § 5 (West 2015).

Because we have no jurisdiction to consider Camp's request for relief, it is dismissed.

It is so ordered.

Per Curiam

Do not publish.

2