

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-85,879-01, WR-85,879-02 & WR-85,879-03

### EX PARTE GUS STEVEN SIMON JR., Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 2014R-0110-A, 2014-0111-A & 2014-0112-A IN THE 155TH DISTRICT COURT FROM AUSTIN COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of marihuana in a drug free zone and two charges of manufacture or delivery of a controlled substance in a drug free zone. He was sentenced to six years' imprisonment in each case. He did not appeal his convictions.

Applicant contends that prison authorities are not crediting his sentences with all of the pre-sentence jail time he was awarded under the plea agreements in these cases. On remand, the trial court attempted to remedy the problem by signing judgments nunc pro tunc, changing the sentences.

The trial court now recommends dismissing the writ applications as moot. The judgments nunc pro tunc attempted to effectuate the intent of the parties, but went beyond correcting mere clerical errors, functioning instead to vacate the sentences and re-sentence Applicant, effectively granting habeas relief. "It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. The trial court is without such authority." *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) Accordingly, we vacate the judgments nunc pro tunc signed in these cases on October 25, 2016.

The trial court found that, as part of the plea agreement in these cases, all parties agreed that Applicant was to receive a specific amount of time credit in each case. The court also concluded that the Texas Department of Criminal Justice is not permitted to credit Applicant with all of the credits contemplated. It is evident that specific performance is impossible in this situation, and Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

Relief is granted. The judgments in Cause Nos. 2014R-0110, 2014R-0111, and 2014R-0112 in the 155th District Court of Austin County are set aside, and Applicant is remanded to the custody of the Sheriff of Austin County to answer the charges as set out in the indictments. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 1, 2017
Do not publish