# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-17-00224-CR
NO. 03-17-00225-CR

**Herman Lee Kindred, Appellant**

**v.**

**State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NOS. 30111 & 30312, HONORABLE WILLIAM BLACK, JUDGE PRESIDING**

NO. 03-17-00226-CR

**Herman Lee Kindred, Appellant**

**v.**

**State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 30721, HONORABLE C.W. DUNCAN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Herman Lee Kindred filed notices of appeal from his 1984 judgments of conviction for the offenses of burglary of a habitation and forgery by passing, and his 1982 judgment of conviction for burglary of a motor vehicle. The substance of Kindred's notices of appeal show that

he is seeking post-conviction habeas corpus relief based on his claims of "actual innocence." *See* Tex. Code Crim. Proc. art. 11.07. However, this Court has no jurisdiction to grant any such relief here. *See Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) ("It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction."); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals."). Accordingly, we dismiss these appeals for want of jurisdiction.

 

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Field and Bourland

Dismissed for Want of Jurisdiction

Filed:   April 27, 2017

Do Not Publish