**Dismissed; Opinion Filed April 23, 2019.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00419-CR

**JAMIE MUNGUIA TREVINO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F08-24846-V**

# MEMORANDUM OPINION

Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Carlyle

On April 8, 2019, Jamie Munguia Trevino filed a pro se notice of appeal from the decision of the Texas Board of Pardons and Paroles to deny his parole. We dismiss for want of jurisdiction. *See, e.g.*, *Mayfield v. State*, No. 03-17-00689-CR, 2018 WL 699306 (Tex. App.—Austin Jan. 25, 2018, pet. ref'd) (mem. op.) (same).

An appellate court has jurisdiction to determine an appeal only if the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). The "decision to release or not release an inmate, even though he is eligible for parole, remains within the sound discretion of the Board of Pardons and Paroles." *Ex parte Geiken,* 28 S.W.3d 553, 556 (Tex. Crim. App. 2000). "Similarly, while the process of assigning inmate classification is subject to some minimal due process restrictions, the classification decision itself is not subject to judicial review." *Id.* To

the extent a parole decision may implicate the due process rights of a convicted felon, any remedy must be sought through a post-conviction application for writ of habeas corpus filed under article 11.07 of the code of criminal procedure. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). And it is well established that intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (post-conviction applications for writs of habeas corpus, for felony cases in which death penalty was not assessed, must be filed in court of original conviction and made returnable to court of criminal appeals).

Here, appellant seeks to appeal the decision of the Texas Board of Pardons and Paroles. Because we do not have jurisdiction over decisions denying parole, we dismiss this appeal.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190419F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JAMIE MUNGUIA TREVINO, Appellant

No. 05-19-00419-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F08-24846-V.

Opinion delivered by Justice Carlyle, Justices Myers and Molberg participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 23rd day of April, 2019.