

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-91,762-01, WR-91,762-02 & WR-91,762-03

### EX PARTE JEREMY MATEJEK, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 17-07-12,718A, 17-07-12,719A & 17-07-12,735C
### IN THE 24TH DISTRICT COURT FROM DEWITT COUNTY

*Per curiam.*

### O R D E R

Applicant was convicted of three manufacture or delivery of a controlled substance charges and sentenced to four years' imprisonment in two of the cases and to sixteen months' state jail in the third case. Applicant filed motions in the county of conviction that were construed as applications for habeas corpus. The trial court signed orders purporting to grant relief and dismiss the charges. The district clerk forwarded the records to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant's pleadings challenging the validity of final felony convictions were not presented on the mandatory form for Article 11.07 applications and are dismissed as non-compliant without prejudice to re-filing on the correct form. *See* TEX. R. APP. P. 73.2.

"It is well established that only the Court of Criminal Appeals possesses the authority to grant

relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. The trial court is without such authority." *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985). Accordingly, we vacate the court's orders signed on September 3, 2020, purporting to grant relief.

Copies of this order shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Filed: October 7, 2020
Do not publish