

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,096-01

## EX PARTE EMIR ORTIZ, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20170D02908-34-1 IN THE 346TH DISTRICT COURT FROM EL PASO COUNTY

*Per curiam*.

### O P I N I O N

Applicant pleaded guilty to aggravated kidnapping (count I), aggravated assault with a deadly weapon (count II), family-violence assault by impeding breathing or circulation (count III), and continuous family violence (count IV). Applicant originally received deferred adjudication and was placed on community supervision. Applicant's guilt was adjudicated, and he was sentenced to thirty years' imprisonment on each of the four counts, to run concurrently. Applicant did not appeal his convictions.

This Court remanded this writ application to El Paso County on October 20, 2021, for findings of fact and conclusions of law addressing, among other things, Applicant's claims that his sentences in counts II, III, and IV were illegal and that counsel was ineffective for failing to

challenge these illegal sentences. According to the trial court's findings, it has purported to vacate Applicant's illegal sentences for counts II, III, and IV and re-sentenced him on those counts within their appropriate punishment ranges. The writ record now reflects that the trial court has entered judgments nunc pro tunc for those counts. The trial court's findings concluded that re-sentencing moots Applicant's first two grounds, i.e., the claims we remanded.

The trial court does not have the authority to vacate and re-sentence Applicant or to correct Applicant's illegal sentences via judgments nunc pro tunc. Judgments nunc pro tunc may be used only to correct a clerical error, not a judicial error like the one that occurred here. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). Absent a timely-filed notice of appeal from a judgment adjudicating guilt, a trial court's authority over a criminal case extends up to thirty days after the imposed sentence begins. TEX. CODE CRIM. PROC. art. 42A.110(a), 42A.755(e); TEX. R. APP. PROC. 25.2(a)(2). Applicant was adjudicated guilty and sentenced on November 5, 2018. He did not appeal following adjudication. The trial court did not have the authority to set aside these sentences and re-sentence Applicant almost three years later. *See Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) (noting that, "[i]t is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. The trial court is without such authority."). Accordingly, any orders and/or judgments nunc pro tunc purporting to vacate and re-sentence Applicant undertaken by the trial court are void and of no effect. *Id.*

Having conducted an independent review of the record, we conclude that Applicant is entitled to a new punishment hearing. *Ex parte Rich*, 194 S.W.3d, 508, 511 (Tex. Crim. App. 2006). Applicant's sentences in counts II, III, and IV exceed the statutory punishment range for the

respective offenses. Consequently, the sentences for counts II, III, and IV in Cause No. 20170D02908 in the 346th District Court of El Paso County are set aside, and Applicant is remanded to the Sheriff of El Paso County for a new punishment hearing only on those counts. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate. All other relief is denied.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: December 15, 2021
Do not publish