

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,851-01

### EX PARTE BOBBY RAY MORQUECHO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 3961-A IN THE 100TH DISTRICT COURT
### FROM HALL COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to engaging in organized criminal activity and true to the motion to adjudicate guilt. He was sentenced to thirty-five years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On October 4, 2020, the Court remanded this writ application to the trial court for findings of fact and conclusions of law addressing Applicant's claim that his plea to the motion to adjudicate was involuntary because trial counsel misadvised him about his eligibility for parole. Trial counsel filed an affidavit in response to that claim, the trial court found that affidavit credible, and recommended that this Court deny relief. We agree. Applicant's habeas application is denied.

However, while on remand, the trial court appears to have improperly amended Applicant's judgment and re-sentenced him. According to the trial court's findings, in light of the Court's decision in *Hughitt v. State*, 583 S.W.3d 623 (Tex. Crim. App. 2019) (holding that possession of a controlled substance with intent to deliver was not a chargeable predicate offense of engaging in organized criminal activity), it amended Applicant's judgment adjudicating guilt for engaging in organized criminal activity to a second-degree felony offense of possession of a controlled substance with the intent to deliver and re-sentenced Applicant to a term of eight years' imprisonment.

The trial court does not have the authority to amend Applicant's judgment and re-sentence him. Absent a timely-filed notice of appeal from a judgment adjudicating guilt, a trial court's authority over a criminal case extends up to thirty days after the imposed sentence begins. TEX. CODE CRIM. PROC. art. 42A.110(a), 42A.755(e); TEX. R. APP. PROC. 25.2(a)(2). Applicant was adjudicated guilty and sentenced on July 16, 2019. He did not appeal following adjudication. The trial court did not have the authority to set aside these sentences and re-sentence Applicant over one-and-a-half years later. *See Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) (noting that, "[i]t is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. The trial court is without such authority."). Accordingly, the amended judgment purporting to change Applicant's conviction and sentence undertaken by the trial court is void and of no effect. *Id.*

Filed: AUGUST 24, 2022
Do not publish