

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,947-01

### EX PARTE JONATHAN ALBERTO RUIZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 10-CRJ-57B IN THE 229TH DISTRICT COURT FROM JIM HOGG COUNTY

*Per curiam*.

## OPINION

Applicant pleaded guilty to aggravated assault with a deadly weapon. Pursuant to a plea bargain, Applicant was placed on deferred adjudication community supervision for a period of ten years. After Applicant failed to comply with the conditions of community supervision, the State filed a Motion to Adjudicate Guilt, and Applicant was sentenced to ten years in the Texas Department of Criminal Justice (TDCJ). Applicant filed an application for a writ of habeas corpus under Texas Code of Criminal Procedure Article 11.072 requesting relief based on ineffective assistance of counsel. The trial court granted relief, vacated Applicant's conviction, and ordered him released. Applicant was once again placed on deferred adjudication community supervision. Following this, the State filed a Second Motion to Adjudicate Guilt, and Applicant was sentenced

to twenty years in TDCJ. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that the trial court lacked jurisdiction to grant relief in the form of vacating a final felony conviction. Based on the record, the trial court has determined that there was no jurisdiction to vacate this conviction.

We agree. "It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. The trial court is without such authority." *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985). The trial court did not have the authority to set aside the sentence and place Applicant back on deferred adjudication community supervision. Accordingly, any order purporting to vacate and re-sentence Applicant undertaken by the trial court is void and of no effect. *Id.*

The judgment in cause number 10-CRJ-57 in the 229th District Court of Jim Hogg County is reformed to reflect that Applicant was sentenced to ten years in the Texas Department of Criminal Justice.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: OCTOBER 12, 2022
Do not publish