**DISMISS and Opinion Filed January 11, 2023**



In the
## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-22-01378-CV
No. 05-22-01379-CV

**IN RE JUAN FRANCISCO TURCIOS, Relator**

**Original Proceeding from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-70896-P and No. F11-70886-P**

## MEMORANDUM OPINION
Before Justices Reichek, Carlyle, and Kennedy[1]
Opinion by Justice Carlyle

Before the Court is relator's December 30, 2022 Original Writ of Mandamus to Enforce Plea Bargain Agreement. In 2012, relator was convicted of aggravated assault with a deadly weapon and burglary and sentenced to twenty years' imprisonment for each offense, with the sentences running concurrently. This Court affirmed relator's convictions in 2013 on direct appeal. *See Turcios v. State*, Nos. 05-12-00839-CR, 05-12-00840-CR, 2013 WL 5536939, *4 (Tex. App.—Dallas Oct. 7, 2013, pet. ref'd) (mem. op., not designated for publication).

---

[1] The Honorable Justice Schenck was originally a member of this panel. The Honorable Justice Kennedy succeeded Justice Schenck on this panel when his term expired on December 31, 2022.

This is the fourth petition for writ of mandamus that relator has filed in this Court. *See In re Turcios*, Nos. 05-21-01168-CV, 05-21-01169-CV, 2022 WL 202985, at *1 (Tex. App.—Dallas Jan. 24, 2022, orig. proceeding) (mem. op.); *In re Turcios*, No. 05-21-00005-CV, 2021 WL 761786, at *1 (Tex. App.—Dallas Feb. 24, 2021, orig. proceeding) (mem. op.); *In re Turcios*, Nos. 05-20-00705-CV, 05-20-00711-CV, 2020 4745544, at *1–2 (Tex. App.—Dallas Aug. 17, 2020, orig. proceeding) (mem. op.).

In his current petition, relator argues that he pled guilty and signed a judicial confession in exchange for a capped ten-year sentence but that he is illegally confined because the trial court mistook his purported plea-bargain agreement for an open plea. Relator asks this Court to "enforce" his purported plea-bargain agreement for a ten-year sentence, attempting to collaterally attack his convictions. *See In re Malone*, No. 05-14-01458-CV, 2014 WL 6779279, at *2 (Tex. App.—Dallas Dec. 2, 2014, orig. proceeding) (mem. op.) (citing *In re Jackson*, No. 05-14-00988-CV, 2014 WL 3962822, at *1 (Tex. App.—Dallas Aug. 14, 2014, orig. proceeding) (mem. op.)).

The vehicle to collaterally attack a felony conviction is a post-conviction application for writ of habeas corpus filed under article 11.07 of the code of criminal procedure. *See Bd. of Pardons & Paroles ex rel. Keene v. Ct. of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995) (orig. proceeding). It is well-established that intermediate courts of appeals have no jurisdiction over post-

–2–

conviction writs of habeas corpus in felony cases. *See Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985); *see also* TEX. CODE CRIM. PROC. art. 11.07, § 3(a)–(b) (post-conviction applications for writs of habeas corpus for felony cases in which death penalty was not assessed must be filed in court of original conviction and made returnable to court of criminal appeals).[2]

As to relator's comments that this Court erred by denying his most recent petition for writ of mandamus, this Court lacks power to grant mandamus relief against itself. *See* TEX. GOV'T CODE § 22.221(d).

Accordingly, we dismiss relator's petition for want of jurisdiction.

221378f.p05
221379f.p05

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE

---

[2] Once the application is filed in the court of original conviction and the process is completed in that court, the court of original conviction transmits the application to the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(c)–(d) (explaining the procedure for post-conviction applications for writ of habeas corpus); TEX. GOV'T CODE ANN. § 22.221(d).