**Opinion issued May 11, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00040-CR

———————————

**SAMUEL ROY JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 913043**

---

## MEMORANDUM OPINION

Appellant, Samuel Roy Jackson, attempts to appeal the denial of his post-conviction application for writ of habeas corpus. We dismiss the appeal.

On October 28, 2004, a jury convicted appellant of the felony offense of aggravated robbery and assessed punishment at 35 years' confinement in the Texas

Department of Criminal Justice—Institutional Division. Our Court affirmed the judgment on November 17, 2005. *See Jackson v. State*, No. 01-04-01137-CR, 2005 WL 3072018, at *1 (Tex. App.—Houston [1st Dist.] Nov. 17, 2005, pet. withdrawn). The mandate subsequently issued on April 17, 2006. Since the issuance of the mandate, appellant has filed multiple post-conviction applications for writ of habeas corpus that have been either denied or dismissed. Appellant's most recent application for writ of habeas corpus was filed on August 19, 2021. On November 12, 2021, appellant filed a notice of appeal from the denial of his most recent habeas application.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the appeal is without merit and frivolous because our Court lacks jurisdiction over the appeal. *See Anders v. California*, 386 U.S. 738 (1967). We agree that our Court lacks jurisdiction over this appeal. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(d); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) ("It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction.").

Accordingly, we dismiss the appeal for want of jurisdiction. Any pending motions, including the motion to withdraw filed by appellant's counsel, are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).