**DISMISSED and Opinion Filed November 7, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01024-CV**
**No. 05-23-01025-CV**
**No. 05-23-01026-CV**
**No. 05-23-01027-CV**
**No. 05-23-01028-CV**
**No. 05-23-01029-CV**
**No. 05-23-01030-CV**
**No. 05-23-01031-CV**
**No. 05-23-01032-CV**
**No. 05-23-01033-CV**
**No. 05-23-01034-CV**
**No. 05-23-01035-CV**

**IN RE ROCKY CORONADO, Relator**

**Original Proceedings from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F1400535, F1456967, F1456968, F1476064, F1456969,**
**F1476111, F1400536, F1400537, F1456963, F1456965, F1456962, and F146964**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Breedlove
Opinion by Justice Goldstein

Before the Court is relator's October 16, 2023 petition for writ of mandamus.

In 2016, relator was adjudicated guilty of, among other things, aggravated

kidnapping, aggravated assault with a deadly weapon, and burglary of a habitation

with intent to commit aggravated assault and sentenced to twenty years'

confinement, with the sentences running concurrently. In 2017, this Court affirmed relator's convictions, as modified, on direct appeal. *See Coronado v. State*, No. 05-16-01001-CR through No. 05-16-01009-CR, 2017 WL 6503092, at *1 (Tex. App.—Dallas Dec. 18, 2017, pet. ref'd) (mem. op.) (not designated for publication).

In his petition, relator makes various complaints challenging his convictions. For example, he argues that the trial judge knew or should have known of wrongful and unlawful conduct by relator's counsel that violated relator's constitutional and civil rights; that the district attorney's office withheld exculpatory evidence; and that he had ineffective assistance of counsel. Relator asks this Court to review the records, contending he was wrongfully convicted of crimes that were never committed.

Relator is attempting to collaterally attack his convictions. *See In re Turcios*, No. 05-22-01378-CV, No. 05-22-01379-CV, 2023 WL 154876, at *1 (Tex. App.—Dallas Jan. 11, 2023, orig. proceeding) (mem. op.). The vehicle to collaterally attack a felony conviction is a post-conviction application for writ of habeas corpus filed under article 11.07 of the code of criminal procedure. *Id*. (citing *Bd. of Pardons & Paroles ex rel. Keene v. Ct. of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995) (orig. proceeding)). It is well-established that intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See id*. (citing TEX. CODE CRIM. PROC. art. 11.07, § 3(a)–(b) and *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985)).

Accordingly, we dismiss relator's petition for want of jurisdiction.

Also before the Court is relator's October 30, 2023 Motion of Supplement and Request for a De Novo Review. We deny the motion as moot.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
231024F.P05                                          JUSTICE