

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,975-01

### EX PARTE TENIKA HOWARD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 19CR-201 IN THE 349TH DISTRICT COURT
### FROM HOUSTON COUNTY

*Per curiam*.

### O P I N I O N

Applicant pleaded guilty to possession of a controlled substance PG 1 > 4G < 200G in a drug free zone and was originally placed on deferred adjudication for a period of ten years. Later, Applicant was adjudicated guilty and sentenced to six years' imprisonment. Applicant did not appeal her conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that her plea was involuntary because she was not informed that her conviction would be treated as a "3g" offense. Based on the record, the trial court has determined that Applicant's plea was involuntary.

On remand, the trial court attempted to grant Applicant a new trial, set aside the judgment,

and re-sentence Applicant to possession of a controlled substance PG 1 > 4G < 200G, a non-3g offense. The trial court was without authority to do so. *See Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) (noting that, "[i]t is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. The trial court is without such authority."). The amended judgment purporting to change Applicant's conviction and sentence undertaken by the trial court is void and of no effect.

Relief is now granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 19CR-201 in the 349th District Court of Houston County is set aside, and Applicant is remanded to the custody of the Sheriff of Houston County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Filed: June 19, 2024
Do not publish