

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-96,457-01

### EX PARTE ANDRES GARCIA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W-2325698-A IN THE 204TH DISTRICT COURT
### DALLAS COUNTY

*Per curiam*.  YEARY, J., filed a dissenting opinion.

### O P I N I O N

On February 27, 2024, Applicant pleaded guilty to a state-jail-felony offense of possession of a controlled substance and true to two prior state-jail-felony-enhancement paragraphs, which increased the punishment range to a third-degree felony.  The trial court deferred a finding of guilt and placed Applicant on deferred adjudication community supervision for a term of two years.  The State thereafter moved to proceed with an adjudication of guilt.  On October 1, 2024, the trial court adjudicated guilt, revoked Applicant's community supervision, and assessed punishment at 180 days' confinement—a sentence outside the range of punishment for a third-degree felony.  The trial court also awarded Applicant 137 days of jail time credit, so Applicant's sentence discharged on approximately November 13, 2024.  On January 6, 2025, Applicant filed this application for a writ

of habeas corpus in the county of conviction. The district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In his application, Applicant raises allegations of ineffective assistance of trial counsel, double jeopardy and due process violations, and lack of jurisdiction. Applicant alleges that, pursuant to a plea agreement, he pleaded true to the revocation allegation and received a 180-day sentence with 137 days of jail time credit. Applicant further alleges that after his sentence had discharged and the trial court no longer had jurisdiction over his criminal case, the trial court improperly allowed the State to withdraw from the plea deal. Applicant argues that his sentence has discharged and is therefore being illegally confined.

The State filed a response recommending that Applicant's application be dismissed, reasoning that this Court lacks jurisdiction to consider the application because there is no final felony conviction, as required by Texas Code of Criminal Procedure Article 11.07 § 3(a), since Applicant is currently on deferred adjudication community supervision. In support, the State alleges that after the trial court was notified that it had imposed an illegal sentence, on January 7, 2025, the trial court vacated its October 1, 2024 judgment adjudicating Applicant's guilt as a void judgment. The State further alleges that it thereafter filed a motion to withdraw it motion to proceed with an adjudication of guilt, and that on January 30, 2025, the trial court modified the conditions of Applicant's community supervision and extended the term for a period of two years. The State argues that "[b]ecause Applicant challenges the trial court's vacated and void October 20 [sic], 2024 judgment, which has since been corrected, the Court of Criminal Appeals does not have habeas jurisdiction over the case." The trial court did not enter findings of fact and conclusions of law.

We disagree with the State that this Court does not have 11.07 habeas jurisdiction over this

application. We had 11.07 habeas jurisdiction at the time Applicant filed his application on January 6, 2025; The trial court impeded our jurisdiction when it improperly vacated its October 1, 2024 judgment.

Indeed, the trial court did not and does not have the authority to vacate its October 1, 2024 judgment adjudicating Applicant's guilt. Absent a timely-filed notice of appeal from a judgment adjudicating guilt, a trial court's authority over a criminal case extends up to thirty days after the imposed sentence begins. TEX. CODE CRIM. PROC. art. 42A.110(a), 42A.755(e); TEX. R. APP. PROC. 25.2(a)(2). Applicant was adjudicated guilty and sentenced on October 1, 2024. He did not appeal following adjudication. The trial court did not have the authority to set aside this judgment and then extend his term of deferred adjudication community supervision almost ninety days later. *See Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) (noting that, "[i]t is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. The trial court is without such authority."). Accordingly, the trial court's January 7, 2025 order vacating its October 1, 2024 judgment adjudicating Applicant's guilt is void and of no effect. *Id.*

Given that the trial court lacked the authority to vacate its judgment adjudicating guilt, it follows that Applicant has served the 180-day sentence imposed on October 1, 2024. Therefore, relief is granted. The January 7, 2025 order vacating the October 1, 2024 judgment adjudicating guilt in cause number F-23-25698 in the 204th District Court of Dallas County is set aside, and the sentence in cause number F-23-25698 is hereby discharged.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Filed: April 23, 2025
Do not publish