# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-19-00114-CR
## NO. 03-19-00115-CR
## NO. 03-19-00116-CR

**Gary A. Dunn, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NOS. 64750, 75669, 75670, HONORABLE JOHN GAUNTT, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

We withdraw the memorandum opinion and judgments dated March 26, 2019, and substitute the following memorandum opinion and judgments in their place. We deny appellant's motion for rehearing.

In the above causes, appellant Gary A. Dunn has filed notices of appeal from three judgments of conviction for the felony offense of driving while intoxicated, one from 2010 and two from 2016. In all three causes, the district court has certified that these are plea-bargain cases, the defendant has no right of appeal, and the defendant has waived the right of appeal. Additionally, all three notices of appeal are untimely. Dunn was convicted on April 22, 2010, in trial court cause

number 64750, and on October 20, 2016, in trial court cause numbers 75669 and 75670. His notices of appeal in all three causes were filed on February 25, 2019, well beyond the deadline for filing a notice of appeal. *See* Tex. R. App. P. 26.2(a) (providing that notice of appeal must be filed within 30 days after day sentence is imposed or suspended in open court, or within 90 days if motion for new trial is timely filed). Under these circumstances, we have no choice but to dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2), (d), 26.2(a); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996).[1]

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction on Motion for Rehearing

Filed: April 30, 2019

Do Not Publish

---

[1] To the extent that Dunn's notices of appeal could be construed as applications for writs of habeas corpus, challenging the legality of his prior convictions, such applications must be filed with the clerk of the court in which the convictions being challenged were obtained, returnable to the Court of Criminal Appeals. *See* Tex. Code Crim. Proc. art. 11.07, §§ 3, 5; *see also Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) ("It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction.").