

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§       No. 08-19-00159-CR

IN RE: JAMES RANDALL DOWNS,
§       AN ORIGINAL PROCEEDING

Relator.       §       IN MANDAMUS

§

§

## MEMORANDUM OPINION

Relator, James Randall Downs, a Texas inmate, has filed a petition for writ of mandamus against the 143rd District Court of Ward County, Texas, alleging that the court has not transmitted to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers, and a certificate reciting the date upon which findings were made. To obtain mandamus relief, Relator must demonstrate that he does not have an adequate remedy at law and that the act he seeks to compel is ministerial. *State ex rel. Young v. Sixth Judicial District Court of Appeals*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). The Court of Criminal Appeals has exclusive jurisdiction to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. *Padieu v. Court of Appeals of Texas, Fifth District*, 392 S.W.3d 115, 117 (Tex.Crim.App. 2013); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex.Crim.App. 1985); TEX.CODE CRIM.PROC.ANN. art. 11.07, § 5. As an intermediate appellate court, we do not have jurisdiction over matters related

to Article 11.07 applications for writs of habeas corpus. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991); *In re McAfee*, 53 S.W.3d 715, 718 (Tex.App.--Houston [1st Dist.] 2001, orig. proceeding). Accordingly, the petition for writ of mandamus is dismissed for lack of jurisdiction.

August 14, 2019

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)