**Dismiss and Opinion Filed September 17, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00757-CR**
_____

**REGINALD ARLEIGH NOBLE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F00-50025-K**

## MEMORANDUM OPINION

Before Justices Whitehill, Pedersen, III, and Reichek
Opinion by Justice Pedersen, III

On August 19, 2020, Reginald Arleigh Noble filed a notice of appeal of the trial court's December 6, 2000 judgment, stating he is appealing the "trial court's jurisdictional defect – void judgment." Attached to the notice of appeal are several documents, including appellant's Motion for Leave to File Original Petition for Writ of Habeas Corpus. For the reasons that follow, we dismiss this proceeding.

Appellant was convicted of aggravated sexual assault of a child and sentenced to life in prison. His conviction was affirmed on direct appeal. *See Noble v. State*, No. 08-01-00035-CR, 2002 WL 221886 (Tex. App.—El Paso Feb. 4, 2002, pet. ref'd) (not designated for publication).

In his August 2020 notice of appeal, appellant claims that Criminal District Court No. 4 lacked jurisdiction to convict him in 2000. Thus, although entitled a notice of appeal, appellant is attempting to collaterally attack a final criminal conviction. As we have repeatedly informed appellant, this falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07. "It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction." *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (quoting *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) and citing TEX. CODE CRIM. PROC. art. 11.07 § 5); *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Despite appellant's repeated attempts to raise this issue in this Court, we lack jurisdiction.

Finally, we note that even if we were to treat it appellant's document as a notice of appeal, his appeal would be dismissed as untimely. *See* TEX. R. APP. P. 26.2(a) (absent timely filed motion for new trial, notice of appeal must be filed within 30 days after day sentence is imposed).

–2–

We dismiss this appeal for want of jurisdiction.

/Bill Pedersen, III//

200757f.u05

BILL PEDERSEN, III
JUSTICE

Do Not Publish
Tᴇx. R. Aᴘᴘ. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

REGINALD ARLEIGH NOBLE,
Appellant

No. 05-20-00757-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 4, Dallas County, Texas
Trial Court Cause No. F00-50025-K.
Opinion delivered by Justice
Pedersen, III. Justices Whitehill and
Reichek participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 17th day of September, 2020.