**Robert Bruce CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–85–053–CR.**

Court of Appeals of Texas, Beaumont.

April 9, 1986.

Joe B. Goodwin, Goodwin & Goodwin, Beaumont, for appellant.

Stephen C. Howard, County Atty., Jimmy Burnitt, Asst. County Atty., Orange, for appellee.

## OPINION

BURGESS, Justice.

Robert Bruce Clark was found guilty by a jury of Aggravated Manufacture of a Controlled Substance. They assessed his punishment at 50 years in the Texas Department of Corrections and a fine of $15,-000.00.

The evidence against appellant consists of the testimony of Linda Breaux, plus the finding of appellant's fingerprints on items around a methamphetamine laboratory. Linda Breaux, an accomplice as a matter of law, testified she knew her husband was operating a "speed lab". Further, she could recognize the smell when the lab was operating and the smell would be present when her husband and appellant were in an outbuilding containing the laboratory. Upon executing a search warrant, the authorities found methamphetamine in the home and in the laboratory. They arrested Mrs. Breaux immediately upon executing the warrant and arrested Mr. Breaux upon his arrival at the home. Mr. Breaux was found to have some "wet" or recently manufactured methamphetamine on his person. The contents of the outbuilding were confiscated and later fingerprinted. Appellant's fingerprints were found on seven different items within the lab, but none of these were an actual part of the distillation process.

Appellant brings forth three grounds of error. The first ground attacks the sufficiency of the evidence. The second ground challenges a portion of the court's charge. The last ground of error alleges improper jury argument.

The jury argument complained of is: "[STATE'S ATTORNEY]: ... [DEFENSE COUNSEL] has stated that you should give a sentence commensurate to what Linda Breaux is going to receive. I want you to consider two facts. One, Linda Breaux willingly confessed. Secondly, I want you to consider—
"[DEFENSE COUNSEL]: Objection, Your Honor. That is a roundabout comment on the failure of the defendant to testify and the failure—and the ascertion by the defendant of his fifth amendment privilege against self-incrimination.
"THE COURT: Objection is sustained.
"[DEFENSE COUNSEL]: I move the court to instruct the jury to disregard.
"THE COURT: The jury is so instructed to disregard the statement made by the state's attorney.

**730**

"[DEFENSE COUNSEL]: Move for mistrial.

"THE COURT: Denied."

■ To be error, the argument of the prosecutor must be one which the jury would necessarily take as a comment on the accused's failure to testify. *Bird v. State,* 527 S.W.2d 891 (Tex.Crim.App.1975). We find no error in the argument.

The second ground of error challenges that portion of the court's charge wherein the jury was instructed:

"... You are further charged as the law in this case that the state is not required to prove the exact date alleged in the indictment but may prove the offense if any, to have been committed at any time prior to the presentment of the indictment so long as said offense, if any, occurred within three years of the date of the presentment of the indictment; you are further instructed that the day the indictment was presented and the day of the offense, if any occurred, shall not be computed within the three year limitation period."

■ This instruction was a correct statement of the law. *Ex Parte Hyett,* 610 S.W.2d 787 (Tex.Crim.App.1981), TEX. CODE CRIM.PROC.ANN. sec. 21.02(6) (Vernon 1966). The compliant voiced by appellant is really one of the sufficiency of the evidence as presented, there is no error in the charge. This ground of error is overruled.

Appellant challenges the sufficiency of the evidence on two different grounds. First, he alleges the entire quantum of evidence is insufficient and second alleges the evidence necessary to corroborate an accomplice's testimony is insufficient.

■ The standard for review in both direct and circumstantial evidence cases is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. State,* 672 S.W.2d 801 (Tex.Crim.App. 1984). Further, we will look at all the evidence in the light most favorable to the verdict. *Houston v. State,* 663 S.W.2d 455

(Tex.Crim.App.1984). Here, the testimony of Linda Breaux, the officers, and the chemist is sufficient to sustain the verdict as to proof of all the essential elements of the crime beyond a reasonable doubt.

■ A different question is presented when we examine the sufficiency of the evidence in light of corroboration. A conviction cannot be had upon the testimony of an accomplice witness unless corroborated by other evidence tending to connect the defendant with the offense committed. The test to determine sufficiency of corroboration is to eliminate from consideration the evidence supplied by the accomplice and to then examine the other evidence to ascertain if there is inculpatory evidence to link the accused with commission of the offense. It is not necessary that the corroboration directly link the accused to the crime or in itself be sufficient to establish guilt. *Brown v. State,* 672 S.W.2d 487 (Tex.Crim.App.1984).

When the testimony of Linda Breaux is eliminated, the only other evidence to link appellant with the commission of the offense is the existence of his fingerprints on items within the laboratory. *Phelps v. State,* 594 S.W.2d 434 (Tex.Crim.App.1980), is the most often cited case on sufficiency of fingerprint evidence.

■ The factors discussed in *Phelps, supra* include, (1) the mere possibility that a defendant's fingerprints may have been left at a time other than the commission of the crime does not necessarily render the evidence insufficient, (2) an important factor to be considered is the extent to which the fingerprinted object was accessible to the defendant, (3) whether there is evidence the defendant and the fingerprinted object had been in close proximity prior to the crime and (4) whether the fingerprinted object was accessible to the public. All of these considerations are to be used in testing the sufficiency of the evidence for guilt. The sufficiency of the evidence for corroboration need not be in itself sufficient to establish guilt. *Brown, supra.*

In the case before us, there is no evidence that appellant had ever been in the laboratory at times other than those described by Linda Breaux. There was testimony from the officers which showed the laboratory was located in a small outbuilding behind the Breaux's home and was locked by a padlock. Thus, the contents of the building was not readily accessible to the public. While the fingerprint evidence may not be sufficient in itself to establish guilt, we find it sufficient corroboration of the accomplice's testimony. This ground of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.