Eduardo De LEON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–512–CR.

Court of Appeals of Texas,
Corpus Christi.

April 20, 1989.

Rehearing Denied June 29, 1989.

Joe A. Cisneros, Joseph A. Connors, III, McAllen, for appellant.

Theodore C. Hake, Dist. Attorney's Office, Edinburg, for appellee.

Before DORSEY, UTTER and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

A jury found appellant, Eduardo De Leon, guilty of aggravated sexual assault and assessed punishment at 35 years' imprisonment. Appellant now complains of the judgment by six points of error. We set aside the judgment and remand the cause to the trial court.

The evidence as presented by the State may be summarized as follows. The victim, an eleven-year-old girl, testified that her Aunt Norma had married appellant before the victim started the fourth grade. On several occasions when she would visit her aunt, appellant would grab her, fondle her, and sometimes penetrate her sexual organ with his own; she could not remember the dates on which these incidents occurred. She then specifically stated that during the weekend following her tenth birthday, April 17, 1986, appellant began touching her and would not let her leave his house; he then caused his sexual organ to penetrate hers. The victim stated that she remembered the incident took place on the Saturday after her birthday, or April 19, 1986.

Dora Rodriguez, a nurse's aid at the victim's elementary school, testified that on May 6, 1986, the victim informed her and the school counselor, Olga Quintero, that appellant had been "touching her in a bad way." Pediatrician Dr. Jorge Kutagata also took the stand and stated that he examined the victim on May 6, 1986, and was of the opinion that the victim had definitely been sexually abused.

The indictment charges that "on or about" the 19th day of April, 1986, appellant intentionally and knowingly caused his sexual organ to penetrate that of the victim at a time when the victim was younger than 14 years of age.

Appellant does not challenge the sufficiency of the evidence to support his conviction. By his first and second points of error, he contends the trial court erred in charging the jury as follows:

> you are instructed that the State has specifically elected to stand on the offense, if any, allegedly committed, if it was, *on or about* the 19th day of April, 1986, and not on any other offense, if any, alleged in the indictment. (emphasis added).

At trial appellant moved for the State to elect which sexual assault it was relying on and sought an instruction pursuant to that election that the alleged offense occurred *on* April 19, 1986. The State objected to appellant's proposed instruction; the court overruled the objection, but announced the following morning that it was changing the wording from "on the 19th" to "on or about the 19th."[1] Appellant now contends that the complained-of instruction allowed the jury to consider all of the acts of sexual intercourse about which the victim testified, and essentially amounted to *no* election.

It is undisputed that this case, which involved testimony about several acts of sexual abuse occurring over a two-year period, was one in which the State was required to elect which specific assault it was basing its prosecution upon. *See Crawford v. State*, 696 S.W.2d 903, 970 (Tex. Crim.App.1985). At issue is whether the wording of the court's charge in fact authorized a conviction for *any* of the sexual assaults testified to at trial.

■ We recognize that when the language "on or about" is used in an indictment, the State is not bound by the specific date alleged, and a conviction may be had upon proof that the offense was committed any time prior to filing of the charging instrument that is within the period of limitation. *See Ex parte Alexander*, 685 S.W.2d 57, 59 (Tex.Crim.App.1985); *Green v. State*, 736 S.W.2d 218, 220 (Tex.App.— Corpus Christi 1987, no pet.).

Courts have customarily applied this broad definition in cases where a variance between the date of the offense alleged in the charging instrument and the date reflected by the evidence is claimed. *See Alexander*, 685 S.W.2d at 59; *Green*, 736 S.W.2d at 220. The issue in those cases is whether the evidence will support a conviction under the allegations of the indictment. The purpose of applying the definition in such instances is presumably to

---

1. This case was originally tried to a jury on November 17, 1986. After both parties rested at that first trial, appellant requested that the court instruct the jury that the State has elected to base its case on the offense allegedly committed "on April 19, 1986." The trial court granted the request. A mistrial then resulted, however, when the jury was unable to reach a verdict.

excuse inadvertent errors made in an indictment or information where the evidence clearly reflects the actual date of the offense and where such date falls within the limitations period.

■ In the case at bar, we are not concerned with the sufficiency of the indictment. Our inquiry relates solely to the specificity of the court's charge and whether its "on or about" language, which was not defined for the jury,[2] was so broad as to obstruct appellant's right to force an election by the State. We therefore disagree with appellant's assertion that the broad definition set forth in *Ex parte Alexander* necessarily applies to the "on or about" language used in the charge.

The victim stated at trial that her tenth birthday was on Thursday, April 17, 1986; that she went to see her grandmother during the weekend following her birthday; and that from there she had gone to visit appellant and her aunt. She could not remember whether she arrived at her grandmother's on Friday, Saturday, or Sunday. When asked whether anything happened on April 19, the victim initially responded "no." Although she later stated that she remembered that appellant had in fact sexually assaulted her on the Saturday after her birthday, she did not specify what time of the day or night the assault took place, or whether it actually happened after midnight on April 19th.

A common sense construction of the "on or about" language would allow the jury to convict appellant for any sexual assault occurring any time during the weekend following the victim's tenth birthday. Given the ambiguity of the victim's testimony as to the exact dates and times, such a construction would certainly be reasonable here. Considering this in addition to the presence of the extraneous offense instruction in paragraph VI of the charge, (which instructed the jury not to consider any evidence of "other" offenses except for the purpose of aiding them in deciding whether the particular act relied on by the State, as

charged in the indictment, was committed), we conclude that the trial court's use of the phrase "on or about" effectively limited the State's case and did not interfere with appellant's right to force an election under *Crawford*. Points one and two are overruled.

■ Appellant argues by his third point that the trial court erred in overruling his objection to the following portion of the State's jury argument at the guilt-innocence phase of trial:

> By your verdict you will be telling [the victim] that it was right to tell on Uncle Eddie. You will be telling Edna that it was right for her to tell. Or you will be telling her child molester he can get away with it. Your (sic) just a little girl that doesn't matter. You're not important. This child molester is not going to be punished for what he did to you.
>
> MR. CISNEROS: May it please the Court, at this time the defense is going to object on the grounds that she is now making—she is making reference to—directly to the matter of punishment and at this time we ask the Court to instruct the jury to disregard that comment, Your Honor.
>
> THE COURT: It is overruled.

Appellant now contends that the court's ruling was erroneous because the prosecutor's argument improperly 1) pled for punishment, and 2) referred to an extraneous offense, i.e. appellant's sexual abuse of another girl named Edna, of which the jury heard no evidence and for which appellant was not being tried.

We fail to see how the complained-of argument constitutes a plea for punishment; rather, it is clearly an attempt to inform the jury of the messages which would be sent to appellant and his victim by its verdict of guilty or not guilty. Such an argument has been held to be a proper plea for law enforcement. *See Goocher v. State*, 633 S.W.2d 860, 864–65 (Tex.Crim. App.1982).

---

**2.** Typically, a jury charge will instruct that an "on or about" allegation does not bind the court to any one particular date, but includes any offense occurring before the alleged date within the period of limitations. That instruction was not given to this jury.

As for appellant's second complaint, we note that defense counsel's trial objection made no mention of inadmissible extraneous offenses; since appellant's complaint on appeal does not conform with his trial objection in this regard, no error has been preserved. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App.1986). Point three is overruled.

■ Points four and five assert the trial court erred in overruling his objection to a portion of the State's jury argument which injected new matters that were outside the evidence. The complained-of argument reads as follows:

MS. FLORES: Ladies and gentlemen, you are truly the last link in law enforcement. Based on all the evidence submitted to you and what you heard including the video and including the exhibits submitted to you, ladies and gentlemen, that had [the victim] been fabricating she would have broken by now. After all children are so easy to break. It is so easy to manipulate children, to use them and use them and use them and use them. They don't have the fine tools that adults have.

Citing among other cases *Puckett v. State*, 330 S.W.2d 465 (Tex.Crim.App.1959) and *Menefee v. State*, 614 S.W.2d 167 (Tex. Crim.App.1981), appellant contends the foregoing argument was an improper attempt by the prosecutor to inject his personal opinion of the victim's credibility.

In *Puckett*, the State argued in closing: Ladies and Gentlemen of the jury, the police officers that testified in this case are sworn to tell the truth and I am telling you that they are telling you the truth.

The complained-of argument in *Menefee* was as follows:

And Virse, I don't believe I have ever seen anybody that I thought was more honest than she is.

In both cases, the Court of Criminal Appeals concluded that the trial court reversibly erred in overruling defense counsel's objections to the State's argument. *Menefee*, 614 S.W.2d at 168; *Puckett*, 330 S.W.2d at 465.

The argument in the instant case, however, does not constitute an attempt by the State to personally vouch for its witness' honesty and credibility, as was the case in *Puckett* and *Menefee*. Here, the victim was subjected to two rounds of extensive cross-examination by defense counsel during the State's case-in-chief. The prosecutor's argument merely reminded the jury 1) of the common notion that children, not being as sophisticated as adults, often have trouble lying consistently, and 2) that this particular child was able to withstand cross-examination and remain consistent in her story. As such, the argument amounted to a reasonable deduction from the evidence and therefore fell into one of the generally approved categories of jury argument. *See Rushton v. State*, 694 S.W.2d 367, 369 (Tex.App.—Corpus Christi 1985, no pet.). Points four and five are overruled.

■ Point six states the trial court committed reversible error when, over appellant's objection, it included in its charge the parole law instruction mandated by Tex. Code Crim.Proc.Ann. art. 37.07, § 4(a) (Vernon Supp.1988). The State concedes error on this point.

The Court of Criminal Appeals recently held that article 37.07, § 4(a) and any instruction given pursuant to that statute is unconstitutional. *Rose v. State*, 752 S.W.2d 529, 537 (Tex.Crim.App.1987). But the Court noted that although it is error to give the instruction, the error is not automatically reversible and must be analyzed under Tex.R.App.P. 81(b)(2). *Id.* at 553–54. Thus, appellant's conviction must be reversed unless we determine "beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." *Id.*

For the following reasons, we agree with both parties' assertion that harmful error exists in the present case. First, the jury assessed a punishment which is 30 years greater than the 5–year minimum sentence. Second, while the evidence was sufficient to support the conviction, it was by no means overwhelming. The State relied al-

most exclusively on the testimony of the victim, who was the only eyewitness to the crime. Third, the prosecutor made the following comment during her argument at the punishment phase of trial:

> you are further instructed on page three as to the consideration you can give to good conduct time that only the parole board determines, you are instructed that whatever prison sentence you decide to assess might be reduced by the award of parole plus any good conduct time. Read that very carefully, please. It further instructs you that the actual time served equals to one-third of the sentence imposed or 20 years whichever is less plus the consideration of good conduct time.

Because of the error in the punishment phase, the judgment of the trial court is set aside, and the cause is REMANDED to the trial court for further proceedings in accordance with *Ex parte Klasing*, 738 S.W.2d 648, 650 (Tex.Crim.App.1987).