Santos **MIRELES, Jr., Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 13–92–523–CR.

Court of Appeals of Texas,
Corpus Christi.

May 12, 1994.

Rehearing Overruled May 12, 1994.

Discretionary Review Granted
Sept. 21, 1994.

Errlinda Castillo, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before DORSEY, GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

We issued our original opinion in this case on March 24, 1994. We withdraw our original opinion and substitute the following as this Court's opinion.

A jury found appellant guilty of indecency with a child, and the trial court assessed his punishment at fifteen years in prison. Appellant raises six points of error, including a challenge to the sufficiency of the evidence. We address only his sufficiency point and acquit.

The indictment alleged that appellant, with the intent to arouse or gratify his sexual desire, intentionally or knowingly had the victim, a child, touch his genitals. In points of error two through four, appellant contends that the evidence is insufficient to show that the offense occurred on the date alleged in the indictment, namely "on or about December 15, 1990."

At trial, the child testified that she last saw appellant, her uncle, "about two Christmases

ago." When the prosecutor asked her, "Would that be on or about December the 15th of 1990," the victim responded, "Yes." The prosecutor then asked the child if anything unusual happened the last time she saw her uncle. Rather than answering the question, the child asked the prosecutor what she meant by "unusual." When the prosecutor responded, "sexual abuse," appellant's counsel objected, and the prosecutor offered to rephrase the question. The prosecutor then asked the victim whether appellant sexually abused her and when the abuse began. The child then began relating sexual incidents involving appellant that began when she was seven years old and continued for five years. The incidents began with appellant exposing himself to the child. Later, appellant forced the child to touch and kiss his penis. Appellant would also rub her private parts. The child related that appellant's penis was hard at times and that appellant would force her to watch X-rated movies with him. Apart from stating that the abuse began when she was seven and continued for five years, the child never indicated when the various specific sexual contacts occurred. The child was fourteen at the time of trial.

■ Appellant acknowledges the commonly stated rule that when a crime is alleged to have occurred "on or about" a certain day, proof that the crime occurred on any date before the return of the indictment but within the statute of limitations is sufficient to support a conviction. *Ex parte Alexander,* 685 S.W.2d 57, 59 (Tex.Crim.App.1985); *Hunt v. State,* 764 S.W.2d 839, 842 (Tex. App.—Corpus Christi 1989, no pet.).[1] Appellant contends, however, that the above rule may not be applied in this case because the jury was not instructed about the statute of limitations period and was left to find, as required by the charge, that the indecency occurred on or about December 15, 1990, without further instruction. The State did not object to the jury charge.

■ We agree with appellant. The phrase "on or about" when used in an indictment has long been held to mean "any time prior to the presentment of the indictment that is within the statutory limitations period." *See, e.g., Alexander,* 685 S.W.2d at 59. It is proper to charge the jury on this definition. *Bircher v. State,* 491 S.W.2d 443, 445 (Tex. Crim.App.1973); *Clark v. State,* 707 S.W.2d 728, 730 (Tex.App.—Beaumont 1986, pet. ref'd). However, in the absence of a charge, the jury is left to consider only the ordinary, commonly understood meaning of the phrase "on or about." *Cf. Ex parte Klasing,* 738 S.W.2d 648, 649–50 (Tex.Crim.App.1987) (in absence of instruction on statute of limitations period, jury unable to determine proof concerning sequence of prior convictions)[2]; *Mosley v. State,* 686 S.W.2d 180, 182 (Tex. Crim.App.1985) (in absence of charge giving legal definition of "bodily injury," common meaning applies); *Moore v. State,* 802 S.W.2d 367, 374 (Tex.App.—Dallas 1990, pet. ref'd).

The definition of "on or about" that encompasses any time before the presentment of the indictment that is within the statutory limitations period necessarily involves legal principles and statutory periods that are not common knowledge. "On or about December 15, 1990" would commonly be construed to mean on that date or close in time to that date. "About" is a flexible term, the meaning of which may vary with the circumstances in which it is used. "About" a certain day, however, commonly means within a few days.

In *DeLeon v. State,* 771 S.W.2d 569 (Tex. App.—Corpus Christi 1989, pet. ref'd), we addressed an issue involving an "on or about" allegation which was not defined in the jury charge. *Id.* at 571. We applied a "common sense construction" to the term. *Id.*

■ As the sufficiency of the evidence must be measured against the jury charge, *see Garrett v. State,* 749 S.W.2d 784, 802–03

---

1. When an indictment alleges that some relevant event transpired "on or about" a particular date, the accused is put on notice to prepare for proof that the event happened at any time within the statutory period of limitations. *Thomas v. State,* 753 S.W.2d 688, 693 (Tex.Crim.App.1988).

2. *Klasing* was overruled on other grounds in *Ex parte Brown,* 757 S.W.2d 367 (Tex.Crim.App. 1988).

(Tex.Crim.App.1988), we use the common definition of "on or about" and hold that in the absence of an "on or about" instruction, the charge required the State to prove that appellant forced the victim to touch his genitals within a few days of December 15, 1990. We find that the State's proof failed in this regard. There simply is no evidence, aside from the general testimony that the conduct occurred within a five year period, of when the charged offense occurred. The evidence is insufficient to sustain the conviction *under the jury charge.*

■ The present situation is akin to that involving allegations and proof of the law of parties. While an indictment need not allege the law of parties, *Pitts v. State,* 569 S.W.2d 898, 900 (Tex.Crim.App.1978), if the State wishes to take advantage of the law of parties to secure a conviction, the jury must be instructed on the applicable law. *Jones v. State,* 815 S.W.2d 667 (Tex.Crim.App.1991).

■ Our decision is not in conflict with the general rule that a conviction may be secured by proof that the offense occurred any time before the presentment of the indictment that is within the statutory limitation period. We simply hold that in the absence of such an instruction, the evidence must be viewed without regard to this legal definition. Points two through four are sustained.

■ We note that in closing argument the prosecutor told the jury that the State was not bound by the date of December 15, 1990, saying, "as long as it is within ten years of the presentment of the indictment, that is sufficient." The sufficiency of the evidence, however, is measured by the charge, not by the prosecutor's jury argument.

We sustain appellant's challenge to the sufficiency of the evidence, reverse the judgment of the trial court, and order an acquittal.