

# NUMBER 13-22-00248-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RANDY RAY GUTIERREZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 156th District Court
of Bee County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña
Memorandum Opinion by Justice Peña**

Appellant Randy Ray Gutierrez appeals his convictions for two counts of super

aggravated sexual assault of a child[1] (counts one and two) and one count of indecency

---

[1] Although the word "super" appears nowhere in the aggravated sexual assault statute, the term is useful to help distinguish between several distinct alternative varieties of the offense in the statute. *See* TEX. PENAL CODE ANN. § 22.021. In this memorandum opinion, this Court will use the term "super aggravated sexual assault of a child" to refer to an offense under § 22.021(f), which imposes a statutory minimum of twenty-five years' imprisonment if an enumerated aggravating element is present. *See id.*

with a child (count three), a first-degree felony with a minimum sentence of twenty-five years' imprisonment and a second-degree felony, respectively. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1), 22.021(f)(2).[2] A jury found Gutierrez guilty on all three counts, and the trial court sentenced him to seventy-five years' imprisonment as to each of counts one and two, and twenty years' imprisonment as to count three, with all sentences to run concurrently. In two issues, Gutierrez argues that he received ineffective assistance of counsel based on defense counsel's failure to object to improper jury argument, and that the evidence was insufficient to support his convictions for super aggravated sexual assault of a child.

We reverse the judgments of conviction on counts one and two and remand the case to the trial court to reform the judgment to reflect convictions for aggravated sexual assault of a child under penal code § 22.021(a)(2)(B), and to conduct a new punishment hearing. Accordingly, we affirm the judgment in part, reverse in part, and remand to the trial court.

## I.    BACKGROUND

A grand jury indicted Gutierrez with two counts of sexual assault of a child younger than fourteen years of age alleged to have occurred on or about October 1, 2018: count one based on the alleged contact of the complainant K.R.'s sexual organ by Gutierrez's

---

§ 22.021(a)(2)(A). This contrasts with the term "aggravated sexual assault of a child," which here will be used to refer to an offense under § 22.021(a)(2)(B), which has the same elements as super aggravated sexual assault of a child, absent a finding of any of the enumerated aggravating elements that would warrant application of the statutory minimum. This usage is consistent with the indictment and jury charge in this case, which both explicitly use the term "super aggravated sexual assault of a child."

[2] The judgment of conviction for super aggravated sexual assault of a child erroneously states that the statute is Texas Penal Code § 220.21(f), instead of § 22.021(f)(2). *See* TEX. PENAL CODE ANN. § 22.021(f)(2). Although we have the power to modify a judgment to speak the truth when we are presented with the necessary information to do so, *see Bigley v. State*, 865 S.W.2d, 27–28 (Tex. Crim. App. 1993), we need not do so here as we modify the judgment on other grounds.

2

sexual organ, *see id.* § 22.021(a)(1)(B)(iii), and count two based on the alleged contact of K.R.'s mouth by Gutierrez's sexual organ, *see id*. § 22.021(a)(1)(B)(v). The indictment further alleged that during the commission of counts one and two, respectively, "Defendant did then and there by acts or words threaten to cause, or place, the complainant [K.R.] in fear that kidnapping would be imminently inflicted on Kelly Cruz, and the acts or words occurred in the presence of" K.R. Gutierrez was also indicted for indecency with a child by contact, alleged to have occurred on or about July 4, 2018. *See id.* § 21.11(a)(1).

The evidence presented at trial showed that Cruz is K.R.'s mother, and Gutierrez met Cruz while Cruz was involved as a witness in the prosecution against her ex-boyfriend, Cristobal Garcia, who was eventually convicted of sexually abusing K.R. Early in their relationship, Cruz became aware that Gutierrez was a registered sex offender. After Gutierrez and Cruz had been dating for a time, K.R. moved in with Gutierrez and Cruz in a residence owned by Gutierrez's parents. Gutierrez and Cruz would routinely use crystal meth together in the family home, with Gutierrez being Cruz's supplier. This included, on at least one occasion, providing crystal meth to K.R.

K.R. testified that on July 4, 2018, Gutierrez and Cruz got into an argument, and Gutierrez tied Cruz up and placed her in the bathroom away from K.R. K.R. testified that Gutierrez then proceeded to touch her over the clothes on her vagina, buttocks, and chest. K.R. also testified that Gutierrez, on a later date, took off her clothes and tried to insert his penis into her vagina and inserted his penis into her mouth. K.R. testified that, unlike the July 4 incident, she did not know where Cruz was at the time of this second instance of abuse. When asked if she was "worried" about Cruz at the time, she

3

responded that she was because she "didn't know where [Cruz] was." She also agreed with the State that that was "the only reason [she was] worried" about Cruz at the time.

Outcry witness Dalia Resio, who is married to K.R.'s maternal uncle, testified that when K.R. first spoke to her, "[s]he started telling me that [Gutierrez] would touch her places that she wouldn't want to be touched to a point where he would drug her, she woke up, and he tied her to the bed and—and he had his hands on her." Resio further testified that K.R. had told her that Gutierrez had touched her on the chest and private parts. When asked by the State if K.R. had told her about any allegations that went beyond touching, she responded that K.R. "never mentioned" that to her.

Resio testified that K.R. told her about Cruz being tied up in the restroom, but K.R. did not provide any dates or details regarding that allegation:

| [State]: | Did she say exactly—what else did she say about what was going on with the defendant? |
|---|---|
| [Resio]: | That she woke up and that he was touching her and that he also had pictures of her on his phone. She says that—I know she said her mom was in the restroom. |
| [State]: | What did she say about her mom being in the restroom? |
| [Resio]: | That she was locked in the restroom. |
| [State]: | And did she describe how she was locked in the restroom? |
| [Resio]: | No. She just told me that she was just locked in the restroom. |

Later, the State and Resio had the following exchange:

| [State]: | When [K.R.] was describing these incidents, I think you mentioned that she said that her mom was locked in the bathroom? |

4

| | |
|---|---|
| [Resio]: | Yes. |
| [State]: | Did she mention how that happened or specifics? |
| [Resio]: | No. |
| [State]: | Did she say that happened one time or more than one time, if you can remember? |
| [Resio]: | I believe she only said one time, but this incident—it only happened once, but what he was doing to her happened more than once. |

Cruz testified that Gutierrez restrained her in the bathroom on two occasions, although she could not recall the particular dates. Cruz recalled K.R. being tied up in the bathroom as well, although K.R. could not recall such an incident. Cruz also acknowledged that K.R. had a history of mental health issues, including stays in behavioral hospitals, a history of self-harm, and several suicide attempts. After the State rested, defense counsel moved for a directed verdict, arguing that the State had failed to present any evidence to prove that K.R. had a fear that kidnapping would be imminently inflicted on Cruz during the alleged sexual assaults. The trial court denied Gutierrez's motion, and the jury returned a guilty verdict against Gutierrez on all counts. This appeal followed.

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

By his first issue, Gutierrez argues that his defense counsel was ineffective for failing to object to the State's improper jury arguments. In particular, he argues that the State's argument during closing was improper because: (1) the prosecutor injected his personal opinions about K.R. into his argument, bolstering her credibility; (2) the prosecutor introduced new and harmful facts to the jury; (3) the prosecutor improperly

5

asked the members of the jury to abandon their objectivity; and (4) the prosecutor misstated the State's burden of proof.

### A.     Standard of Review & Applicable Law

"The burden of proving ineffective assistance of counsel is on the appellant by a preponderance of the evidence." *Munoz v. State*, 24 S.W.3d 427, 434 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.); *see Herrera v. Stahl*, 441 S.W.3d 739, 741 (Tex. App.—San Antonio 2014, no pet.) ("The particular meaning of 'preponderance of the evidence' in both civil and criminal cases means the greater weight and degree of credible evidence that would create a reasonable belief in the truth of the claim."). Claims of ineffective assistance of counsel are evaluated under the two-step analysis articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), and "an appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

The first step requires the appellant to demonstrate that defense counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Our review is highly deferential and we must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. We will not find ineffectiveness by isolating any portion of defense counsel's representation but will judge the claim based on the totality of the representation and the particular

circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Strickland*, 466 U.S. at 695.

The second *Strickland* prong requires the appellant to affirmatively prove prejudice from the deficient performance of his defense counsel. *Strickland*, 466 U.S. at 687; *see Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). "This means that the appellant must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

To demonstrate ineffective assistance based on a failure to object, appellant must show that the trial court would have committed harmful error by overruling the objection had defense counsel objected. *Donald v. State*, 543 S.W.3d 466, 478 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Proper prosecutorial argument should generally fall within one of the following categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement. *See Brown v. State*, 270 S.W.3d 564, 571 (Tex. Crim. App. 2008); *Cantu v. State*, 944 S.W.2d 669, 671 (Tex. App.—Corpus Christi–Edinburg 1997, pet. ref'd). "In examining challenges to jury argument, the Court considers the remark in the context in which it appears. Counsel is allowed wide latitude without limitation in drawing inferences from the evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith." *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).

Improper jury arguments generally constitute non-constitutional error. *See Martinez v. State*, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000) (en banc) ("[M]ost [jury arguments] that fall outside the areas of permissible argument will be considered to be error of the non[-]constitutional variety."). A non-constitutional error "that does not affect substantial rights must be disregarded." *Freeman v. State*, 340 S.W.3d 717, 728 (Tex. Crim. App. 2011); *see Brown*, 270 S.W.3d at 570 (concluding that even when the State makes an improper jury argument, it is error to deny a mistrial only if the argument is "extreme or manifestly improper").

**B.    Analysis**

First, Gutierrez argues that the State inappropriately bolstered K.R.'s testimony during closing argument. Gutierrez points to the following two statements:

| [State]: | [B]ecause if there is one thing I am dead sure of, it is that that girl has been sexually abused. |
|---|---|

.  .  .  .

| [State]: | I would 100 percent believe when she was up here she was truthful about what happened with . . . Gutierrez, and I believe she is minimizing the extent of what happened to her. |
|---|---|

In general, "[a] prosecutor may not inject his personal opinion of a witness's credibility during closing argument." *Mosley v. State*, 666 S.W.3d 670, 674 (Tex. Crim. App. 2023) (citing *Menefee v. State*, 614 S.W.2d 167, 168 (Tex. Crim. App. 1981)); *see also Werdlow v. State*, No. 13-04-004-CR, 2005 WL 2008423, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 22, 2005, no pet.) (mem. op., not designated for publication) (finding it improper for a prosecutor to vouch for a law enforcement officer's credibility based on personal knowledge). However, a prosecutor may argue his opinion regarding a witness's credibility if the opinion is based on reasonable deductions from the evidence

8

and does not constitute unsworn testimony. *See McKay v. State*, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985); *see also Gonzalez v. State*, 337 S.W.3d 473, 483 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). "In addition, a prosecutor may argue about the credibility of a witness if such argument was invited by and is responsive to [the defendant's] arguments." *Thomas v. State*, 445 S.W.3d 201, 211 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (citing *Chapman v. State*, 503 S.W.2d 237, 238 (Tex. Crim. App. 1974)).

None of the statements referenced by Gutierrez imply that the State in the case had some unique personal insight into K.R.'s credibility, and each of the statements fit within the categories of proper prosecutorial argument. When the State asserted that it was "dead sure" that K.R. had been sexually abused, it was properly attacking the defense's theory of the case. Just prior to this statement, the State noted that defense counsel "is going to share with you a lot of his defensive theories. That is what I expect, and you have heard probably many of them throughout the trial, that this girl is hallucinating, delusional, crazy, she is making this up, she is getting it confused with the first incident [of abuse involving Garcia]." During closing, Gutierrez's defense counsel argued as follows:

> [K.R.] is a victim, but she is not a victim of sexual abuse from [Gutierrez]. She is a victim of a story getting out of control and she [is] being forced to come here to testify, because that is the logical conclusion of this whole accusation. At what point can she stop the train?

Thus, the State's statement during its rebuttal that it "would 100 percent believe when she was up here she was truthful" was a permissible answer to argument by defense counsel. *See Brown*, 270 S.W.3d at 571.

Gutierrez also argues that his defense counsel was ineffective for failing to object when the State allegedly injected new and harmful facts into the record during closing.

9

Gutierrez points to the following statement by the State: "I believe [K.R.] is minimizing the extent of what happened to her." This statement was a direct response to the defense's theory that inconsistencies in K.R.'s testimony implied that she was not credible: "The problem with the child when they make a story up, ladies and gentlemen, is they have to remember the story they made up, so we start getting multiple different variations of the story. . . . The story was never consistent. It was never the same."

The State's statement was a proper response to defense counsel's argument in that it attempted to explain away any alleged inconsistencies or gaps in K.R.'s testimony. *See id.* Alternatively, the State's statement could be construed as a reasonable deduction from the evidence. *See id.*; *De Leon v. State*, 771 S.W.2d 569, 572 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd) (noting that it would be proper for a prosecutor to remind the jury "of the common notion that children, not being as sophisticated as adults, often have trouble lying consistently," and "that this particular child was able to withstand cross-examination and remain consistent in her story," as such statements would have amounted to reasonable deductions from the evidence).

Next, Gutierrez argues that the State made a plea for abandonment of objectivity. Gutierrez only references the following statements:

| [State]: | [W]hen you add in the fact that you had your own mother and the defendant having you snort meth as an 11-year-old, how would you not want to kill yourself? How would you live with that? |
|---|---|
| | . . . . |
| [State]: | I agree with [defense counsel] that this process hurts, it does damage, and it's going to do untold damage if justice isn't done. |

10

It is an improper plea for abandonment of objectivity for a prosecutor to ask jurors to place themselves in the shoes of the victim of the charged offense, or in the shoes of others affected by it. *Brandley v. State*, 691 S.W.2d 699, 712 (Tex. Crim. App. 1985). Notwithstanding the State's use of the second-person point of view, both statements were proper responses to defense counsel's theory of the case. *See Linder v. State*, 828 S.W.2d 290, 303 (Tex. App.—Houston [1st Dist.] 1992, pet. denied) (finding closing argument proper even though the prosecutor repeatedly used the second person pronoun "you" and asked the jury rhetorical questions). Each statement referred to by Gutierrez was made after defense counsel put K.R.'s mental health at issue, which was crucial to the defense's theory of the case. According to defense counsel, K.R.'s mental health issues were a cause of the false allegations against Gutierrez. It was appropriate for the State to argue that her mental health issues were a symptom of the abuse, and not the other way around.

The State's statements may also be construed as a proper plea for law enforcement:

> [The State may] argue that juries should deter specific crimes by their verdict. The State may also argue the impact of the jury's verdict on the community. The State may not, however, argue that the community or any particular segment of the community expects or demands either a guilty verdict or a particular punishment.

*Borjan v. State*, 787 S.W.2d 53, 55–56 (Tex. Crim. App. 1990) (internal citations omitted). Reminding a jury of the impact of its verdict on a community differs from telling a jury that the community expects or demands a particular verdict or form of punishment. *Id.* The former is permissible, while the latter is not. *Id.* at 56.

11

Gutierrez points to no statement made by the State that implies that the community expects or demands a particular verdict. Both statements merely remind the jury of the potential impact of a not guilty verdict on K.R.'s mental health and the community in general. Gutierrez cannot show that the "prosecutor directly urged the members of the jury to imagine and focus on the events of the criminal act happening to them and their children." *Linder*, 828 S.W.2d at 302–03. Rather, as in *Linder*, both of the complained-of statements are "far less insistent and more focused on the actions of the defendant and the reactions of the victim." *Id*.

Finally, Gutierrez argues that the prosecutor misstated the State's burden of proof. During closing, the State argued to the jury that "there is no in between. There is no, well, maybe she was a victim of sexual abuse but. She either was and [Gutierrez] is a child predator, or she is a liar. Those are the only two choices. This either happened, or she is a liar." Gutierrez argues that this statement improperly implies that "reasonable doubt necessarily equates to declaring a child witness a liar." Like most of the other statements referenced by Gutierrez, this statement was made during rebuttal closing argument and was a direct response to defense counsel's argument that K.R. was fabricating or otherwise imagining her allegations. Defense counsel explicitly argued that the allegations could have been the result of hallucinations, alluding to the fact that K.R. "has talked to a dead relative or something like that." Thus, it was a proper response to the defense's theory of the case, and a proper summation of K.R.'s testimony, that the sexual abuse did in fact occur and that K.R. was not lying.

None of the complained-of statements were improper, and thus Gutierrez cannot show "that the trial court would have committed harmful error by overruling the objection

12

had trial counsel objected." *Donald*, 543 S.W.3d at 478. Even if we were to presume deficiency, we would conclude that Gutierrez was not prejudiced by his defense counsel's failure to object. Gutierrez has not shown that but for counsel's deficient performance, the jury would have reached a more favorable verdict. We do not believe that any of the complained-of statements to the jury undermine confidence in the outcome of the trial in this case. *See Perez v. State*, 310 S.W.3d 890, 896 (Tex. Crim. App. 2010) ("[U]nder *Strickland:* to show prejudice, there must be a reasonable probability, sufficient to undermine our confidence in the outcome, that the result of the proceeding would have been different had counsel performed reasonably."). The State's arguments to the jury were consistent with its prosecution of the case. The State did not express any opinion about K.R.'s credibility derived from unique personal familiarity, and a jury could not have been surprised to learn that the State generally believed K.R.'s testimony and thought her credible. *Cf. Menefee*, 614 S.W.2d at 168 (finding improper witness bolstering where the prosecutor stated that "he had never seen anyone he thought was more honest than" a certain witness); *see also Werdlow*, 2005 WL 2008423, at *6 (finding that a prosecutor's attempt at bolstering the credibility of a law enforcement witness had no substantial effect on the jury's guilty verdict because the "jury could not have been surprised to learn that the State believed the arresting officer," and that "if the State did not find [its witness] credible, it would not have brought the case").

### III.     SUFFICIENCY OF THE EVIDENCE

By his second issue, Gutierrez argues that there was insufficient evidence to support his conviction for super aggravated sexual assault of a child because there was

no evidence that K.R. feared that kidnapping would be imminently inflicted on Cruz during the commission of the sexual assault.

## A.      Standard of Review

"Under the Due Process Clause, a criminal conviction must be based on legally sufficient evidence." *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021) (citing *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015)). Evidence is legally sufficient if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Joe v. State*, 663 S.W.3d 728, 731–32 (Tex. Crim. App. 2022) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Under a legal sufficiency review, we view the evidence in the light most favorable to the verdict, while recognizing that "[t]he trier of fact is responsible for resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts." *Id*.

We measure the evidence produced at trial against the essential elements of the offense as defined by a hypothetically correct jury charge. *David v. State*, 663 S.W.3d 673, 678 (Tex. Crim. App. 2022) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "A hypothetically correct jury charge 'accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

## B.      Analysis

Gutierrez was charged by indictment with two counts of super aggravated sexual assault of a child under the age of fourteen years old: count one based on contact of

K.R.'s sexual organ by Gutierrez's sexual organ, *see* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), and count two based on contact of K.R.'s mouth by Gutierrez's sexual organ, *see id*. § 22.021(a)(1)(B)(v). Gutierrez's insufficiency argument is based on the super aggravating element which imposes a mandatory minimum on his sentence. *See id*. § 22.021(f)(2) (imposing a 25-year minimum term of confinement where "the victim of the offense is younger than 14 years of age at the time the offense is committed and the actor commits the offense in a manner described by Subsection (a)(2)(A)"). Therefore, we narrow our review to whether there was sufficient evidence to find that Gutierrez satisfied the super aggravating element under subsection (a)(2), which is applicable to both counts. *See Moreno v. State*, 413 S.W.3d 119, 129 (Tex. App.—San Antonio 2013, no pet.) (noting that the substantive acts set out in § 22.021(a)(1) define the "actus reus or gravamen of the offense," while § 22.021(a)(2) sets out "alternative aggravating factors or 'manners and means' . . . of committing the offense of aggravated sexual assault of a child"). The relevant language in both counts of the indictment is as follows:

> Defendant . . . did then and there intentionally and knowingly [commit sexual assault], and the Defendant did then and there by acts or words threaten to cause, or place, [K.R.] in fear that kidnapping would be imminently inflicted on Kelly Cruz, and the acts or words occurred in the presence of [K.R.].

Here, the indictment includes language from both subsections (a)(2)(A)(ii) and (iii), rendering it indeterminate as to which aggravating element is being alleged. The indictment in this case fails to follow the grammatical structure of either subsection (ii) or (iii). The main verb of the relevant clause in the indictment is the verb phrase "threaten to cause," tracking the language of subsection (iii). However, the indictment continues by

15

using the verb "to place" set off by commas, as follows: "the Defendant did then and there by acts or words threaten to cause, *or place*, the complainant in fear that kidnapping would be imminently inflicted." The phrase "or place," set off by commas, is functioning as a nonrestrictive clause, and thus we should be able to omit the phrase and retain the meaning of the rest of the sentence. *See United States v. Nishiie*, 996 F.3d 1013, 1021–22 (9th Cir. 2021) (noting that "[a] clause is said to be nonrestrictive (or nondefining or parenthetical) if it could be omitted without obscuring the identity of the noun to which it refers or otherwise changing the intended meaning of the rest of the sentence," and "[n]onrestrictive relative clauses . . . are set off from the rest of the sentence by commas") (citation omitted). However, this cannot be done, as it would make no sense to say that Gutierrez "did then and there by acts or words threaten to cause . . . [K.R.] in fear that kidnapping would be imminently inflicted." The prepositional phrase beginning with "in fear" makes no sense without the corresponding verb "to place" contained in the nonrestrictive clause.

The Texas Court of Criminal Appeals has recently clarified the approach under *Malik* when faced with a problematically worded indictment in *Delarosa v. State*, 677 S.W.3d 668 (Tex. Crim. App. 2023). In *Delarosa*, the appellant challenged the sufficiency of the evidence for his conviction of three counts of sexual assault of a child where "the indictment and jury charges were a mishmash of non-consensual sexual assault and sexual assault of a child." *Id*. at 671; *see* TEX. PENAL CODE ANN. § 22.011 (classifying offenses as (1) those based on lack of consent, § 22.011(a)(1), and (2) those where lack of consent is not relevant because of the "child" status of the complainant, § 22.011(a)(2)). In *Delarosa*, the indictment at issue was problematic because "the indictment's heading

16

referenced sexual assault of a child, and the jury charges' application paragraphs authorized convictions for sexual assault of a child. The body of the indictment, however, charged [a]ppellant with non-consensual sexual assault, and the abstract portion of the jury charges defined the charged offenses as non-consensual sexual assault." 677 S.W.3d at 672.

Focusing on the body of the indictment and what was actually alleged therein, the *Delarosa* court concluded that a hypothetically correct jury charge would include only an allegation of non-consensual sexual assault. *Id.* at 676. And because the State had failed to present sufficient evidence that the child complainant did not provide consent, acquittal was required. *Id*. The dissenting justices in *Delarosa* would have concluded, by looking at the indictment "as a whole," that the hypothetically correct jury charge alleged sexual assault of a child. *Id*. at 677 (Keller, P.J., dissenting) (quoting *Jenkins v. State*, 592 S.W.3d 894, 899–900 (Tex. Crim. App. 2018)). The *Delarosa* court made clear that, when determining the offense alleged in an indictment under a sufficiency review, our focus should be on the specific elements in the body of the indictment to see if they constitute a "facially complete" offense under *Thomason v. State*, 892 S.W.2d 8, 11 (Tex. Crim. App. 1994):

> The Presiding Judge's dissent argues that since the caption indicated that the victim was a child, this omission of "child" from the body of the charging instrument "made the indictment ambiguous, meaning that it was defective[,]" and so Appellant's "failure to object forfeited his right to claim that he was not charged with sexual assault of a child." . . . The body of this indictment, however, completely alleged non-consensual sexual assault, omitting no element. It was not defective. It was facially complete. . . . In such a situation, there is no indictment error, and the sufficiency of the evidence must be measured against the indictment's allegations. "[W]here an indictment facially charges a complete offense, the State is held to the offense charged in the indictment, regardless of whether the State intended to charge that offense." [*Thomason*, 892 S.W.2d at 11.]

17

*Delarosa*, 677 S.W.3d at 677*; see also Duron v. State*, 956 S.W.2d 547, 551 (Tex. Crim. App. 1997) (noting that an indictment is defective where it fails "to include one or more allegations necessary to give notice of the statutory offense with which the defendant was charged").[3]

Here, the indictment charges the facially complete offense of aggravated sexual assault of a child in counts one and two, properly alleging the actus reus or gravamen of the offense. *See Moreno*, 413 S.W.3d at 129. However, as to each of counts one and two, the indictment does not properly allege one of "the alternative aggravating factors" set out in the statute necessary to establish super aggravated sexual assault of a child. *See id*. The indictment's failure to accurately track the language from either subsection (a)(2)(A)(ii) or (iii) means that neither was alleged at all. For example, in *Delarosa*, Judge Yeary's dissenting opinion argued that the caption in the indictment properly charged and accused appellant of sexual assault of a child. 677 S.W.3d at 678. As the Majority opinion noted, however,

> [T]he caption made no allegation. It said, "Charge: Count [I/II/III] - SEXUAL ASSAULT OF A CHILD" and "22.-11(a)(2)" without making any claims. There was no sentence in the caption. There was not even a sentence fragment. *Cf. Jenkins*, 592 S.W.3d at 903 (Keller, P.J., concurring) (noting

---

[3] The *Delarosa* court also addressed a concern raised by one member of this Court who noted that an appellant "is seemingly permitted to collaterally attack the indictment for the first time on appeal through a challenge to the sufficiency of the evidence," even though appellant did not object to a defect in the indictment. *Barajas v. State*, No. 13-22-00256-CR, 2023 WL 4499907, at *6 (Tex. App.—Corpus Christi Edinburg July 13, 2023, pet. filed) (Silva, J., dissenting) (mem. op., not designated for publication) (further noting that "it is incumbent on the Texas Court of Criminal Appeals to further clarify the interplay between waiver of defect in the indictment and a challenge to sufficiency of the evidence"). The *Delarosa* court concluded that, for purposes of sufficiency review, a defendant has no obligation to object to an indictment, nor could failing to object to an indictment under such circumstances form the basis of an ineffective assistance of counsel claim. *Delarosa v. State*, 677 S.W.3d 668, 678 (Tex. Crim. App. 2023). "It is the State's duty to prepare the 'indictment found by the grand jury,'" and as such, "[i]t would be perverse to rescue the State from its inattention to that duty by requiring an arguably deficient performance by defense counsel." *Id*. (quoting TEX. CODE CRIM. PROC. ANN. art. 20A.302).

that "a poorly worded sentence fragment" did not allege commission of an offense).

*Id.*; *see also Allegation*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "allegation" as a "declaration that something is true," "a statement," and "[s]omething declared or asserted").

Here, the indictment facially charged the complete offense of aggravated sexual assault of a child as to both counts one and two, TEX. PENAL CODE ANN. § 22.021(a)(1)(B), even though it intended to charge both as super aggravated sexual assault of a child, *id*. § 22.021(f)(2). "[W]here an indictment facially charges a complete offense, the State is held to the offense charged in the indictment, regardless of whether the State intended to charge that offense." *Thomason*, 892 S.W.2d at 11. Accordingly for all the reasons stated herein, we find that the State did not properly allege super aggravated sexual assault of a child as to either of counts one or two, and that our sufficiency review must measure the State's evidence for both counts against the elements of aggravated sexual assault of a child under TEX. PENAL CODE ANN. § 22.021(a)(1)(B).

### C. Modification

Gutierrez was convicted of super aggravated sexual assault of a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(f). Because the indictment failed to properly allege the commission of super aggravating sexual assault of a child as to both counts one and two, we cannot sustain Gutierrez's convictions. *See Thomason*, 892 S.W.2d at 11. However, even absent a finding of super aggravating conduct listed in subsection (a)(2)(A), a defendant may still be guilty of aggravated sexual assault of a child younger than fourteen years of age. *See id.* § 22.021(a)(2)(B). Appellant concedes, and we agree, that the evidence is legally sufficient to support such a

conviction as to each of counts one and two. Thus, the judgment should be reformed to reflect convictions for two counts of aggravated sexual assault of a child, each a first-degree felony with a sentencing range of life or for any term of not more than 99 years or less than five years. *See id*. §§ 12.32, 22.021(e).

## IV.    CONCLUSION

We reverse the trial court's judgment as to counts one and two. We remand the case to the trial court with instructions to reform the judgment to reflect a conviction for aggravated sexual assault of a child younger than fourteen years of age under penal code § 22.021(a)(2)(B) as to both counts one and two, and to conduct a new punishment hearing. The judgment as to count three is affirmed. Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and remanded to the trial court.


L. ARON PEÑA JR.
Justice


Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
7th day of March, 2024.