In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-25-00294-CR**

**PATRICK ANDRE DENLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. F00-81756**

## MEMORANDUM OPINION

Patrick Andre Denley pleaded guilty and was convicted in 2000 in a plea-bargain agreement. In his notice of appeal Denley acknowledges that he has twice attempted to appeal to this Court. *See Denley v. State*, No. 09-24-00310-CR, 2024 WL 4551248, at *1 (Tex. App.—Beaumont Oct. 23, 2024, no pet.) (mem. op., not designated for publication); *Denley v. State*, No. 09-00-566-CR, 2001 WL 1636320, at *1 (Tex. App.—Beaumont Dec. 19, 2001, no pet.) (mem. op., not designated for publication). We dismissed Denley's first appeal for lack of jurisdiction due to the

plea bargain agreement, and we dismissed Denley's second appeal as he failed to identify a valid basis for this Court to exercise appellate jurisdiction over his appeal. *See id.*

After receiving the notice of appeal, the Clerk of the Court issued a notice to the parties that our jurisdiction was not apparent from the notice of appeal and warned that the appeal would be dismissed for lack of jurisdiction unless the Court received a response showing grounds for continuing the appeal. Neither party responded to the Clerk's notice.

"A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also* Tex. R. App. P. 26.2(a). Thereafter, in state court only the Court of Criminal Appeals has the authority to grant relief from a final felony conviction to a person serving a prison sentence. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (quoting *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985)); *see also* Tex. Code Crim. Proc. Ann. art. 11.07.

We dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on August 28, 2025
Opinion Delivered August 29, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.